**USM CORPORATION, Appellant,**

v.

**SPS TECHNOLOGIES, INC., Appellee.**

**Appeal No. 84–1397.**

United States Court of Appeals,
Federal Circuit.

Aug. 12, 1985.

Raymond P. Niro, Niro, Scavone, Haller and Niro, Ltd., Chicago, Ill., for appellant.

Timothy J. Haller, Niro, Scavone, Haller and Niro, Ltd., of Chicago, Ill., of counsel.

Leonard J. Santisi, Curtis, Morris & Safford, of New York City, for appellee.

ON MOTION

Before DAVIS, BALDWIN, and NEWMAN, Circuit Judges.

ORDER

SPS, Technologies, Inc., (SPS) has moved to transfer this appeal to the United States Court of Appeals for the Seventh Circuit. We grant the motion and transfer the appeal.

## BACKGROUND

The underlying dispute between these parties commenced in 1969 when SPS filed a suit against USM Corporation alleging infringement of U.S. Patent No. 3,093,177, issued to Joseph Villo in 1963, of which SPS was the assignee. Following discovery, and trial on a limited aspect of the case, the parties entered into a consent decree in 1971. By the terms of that decree, SPS's patent was held valid and infringed by USM, which was granted a license to practice the invention by SPS.

In 1974, USM filed the instant action alleging misuse, invalidity and non-infringement of the Villo patent. In an amended and supplemental complaint filed in 1978, USM added anti-trust counterclaims pursuant to 15 U.S.C. §§ 15, 16 and 26. These claims were severed for separate trial upon motion of USM.

Thereafter, SPS moved for summary judgment on those claims arising under 28 U.S.C. § 1338, contending that *res judicata* based upon the consent decree barred USM's claim. The district court granted SPS's motion in part and thus dismissed the count alleging invalidity and non-infringement based upon *res judicata,* but left standing the count alleging fraudulent procurement. *USM Corp. v. Standard Pressed Steel Co.,* 453 F.Supp. 743, 200 USPQ 788 (N.D.Ill.1978).

Following a bench trial, the district court held the patent invalid for fraud on the Patent Office. *USM Corp. v. SPS Technologies, Inc.,* 514 F.Supp. 213, 211 USPQ 112 (N.D.Ill.1981). Final judgment was entered pursuant to Rule 54(b), Fed.R.Civ.P., and an appeal was taken to the Court of Appeals for the Seventh Circuit because the notice of appeal was filed prior to the creation of this court. This appeal was consolidated with USM's appeal from the district court's previous ruling which granted summary judgment to SPS.

The Seventh Circuit held, *inter alia,* that *res judicata* barred USM's claim of fraudulent procurement, and therefore vacated the district court's conclusion that the patent was void and unenforceable for this reason. Because of its finding on the *res judicata* issue, the Seventh Circuit found it unnecessary to review the district court's finding that SPS had committed fraud on the Patent Office. *USM Corp. v. SPS Technologies, Inc.,* 694 F.2d 505, 510, 216 USPQ 959, 963 (7th Cir.1982), *cert. denied,* 462 U.S. 1107, 103 S.Ct. 2455, 77 L.Ed.2d 1334 (1983).

The parties then returned to district court for resolution of the remaining claims which at that point included USM's anti-trust claim based upon SPS's alleged fraud on the Patent Office, an accounting by USM of royalties due under the license agreement, and SPS's motion for costs pursuant to Rule 54(d), Fed.R.Civ.P.

The district court granted SPS's motion for summary judgment, finding that USM's anti-trust claim was a compulsory counterclaim to SPS's original infringement action and therefore was barred under Rule 13(a), Fed.R.Civ.P. The district court further found that the anti-trust claim, which was based upon the same factual situation which USM had previously sought to raise to challenge the Villo patent, was therefore barred by *res judicata.*

By order dated June 21, 1984, the district court directed that final judgment be entered, although the accounting was not completed, and USM filed the instant appeal in this court. SPS then filed a motion to transfer this appeal to the Seventh Circuit, alleging that this court lacks jurisdiction.

### Issue

This appeal raises the question of our jurisdiction over an appeal where the Seventh Circuit has finally adjudicated all patent issues and only non-patent issues remain, in a case where the jurisdiction of the district court was originally based, in part, upon 28 U.S.C. § 1338(a).

### ANALYSIS

Pursuant to § 1295(a)(1) of title 28, this court has exclusive jurisdiction of an appeal from a final district court decision

where that court's jurisdiction was based, in whole or in part, on 28 U.S.C. § 1338.

In *Atari, Inc. v. JS & A Group, Inc.*, 747 F.2d 1422, 223 USPQ 1074 (Fed.Cir.1984), we held that this court's subject matter jurisdiction is determined at the time a complaint is filed, and therefore will not be affected by the separation of patent from non-patent issues (which there was for no purpose other than to direct the appeal). Thus, in *Atari*, this court exercised jurisdiction over an appeal from the grant of a preliminary injunction against contributory copyright infringement where that issue had been separated, but not severed from patent claims which had yet to be adjudicated. In *Atari*, however, the court specifically noted that it was not deciding issues not before it, including the question of its jurisdiction over an appeal in which the patent claims had been withdrawn with prejudice, because of settlement or *otherwise*, before a notice of appeal was filed. *Id.* at 1428 (emphasis added). As all patent claims had been finally adjudicated well in advance of the issue presently on appeal, *Atari* does not resolve the question presented in the instant appeal.

Previously, this court has exercised jurisdiction over an appeal of anti-trust claims joined with patent claims and arising from the same set of facts, *American Hoist & Derrick Co. v. Sowa & Sons*, 725 F.2d 1350 (Fed.Cir.) *cert. denied*, —— U.S. ——, 105 S.Ct. 95, 83 L.Ed.2d 41 (1984). We have also assumed jurisdiction of an appeal from a summary judgment involving an anti-trust claim only, where two patent infringement counts remained to be adjudicated in district court, *Albert v. Kevex Corp.*, 729 F.2d 757, 221 USPQ 202 (Fed.Cir.1984). Similarly, we have heard separately filed trademark and patent appeals taken from the same judgment below, *Banday, Inc. v. Al Bolser's Tire Stores*, 750 F.2d 903, 223 USPQ 982 (Fed.Cir.1984). However, the previously cited cases, as well as *Atari*, involved either present or potential patent issues. By contrast, in the instant appeal, all § 1338 patent claims have been finally adjudicated and there is no possibility that these claims will be reopened in the ultimate resolution of this extended litigation.

Policies of judicial efficiency favor transferring the appeal to the Seventh Circuit. This case has already been before the Seventh Circuit twice on appeal with many of the underlying issues fully briefed by the parties to that court.

Additionally, it is noted that there is no scintilla of evidence in this appeal of an attempt by any of the parties to manipulate proceedings before the district court to either invoke or avoid the jurisdiction of this court. The severance of the anti-trust claims which are the subject of this appeal, from the patent issues occurred at a time well in advance of this court's existence. Therefore, it could not have been motivated by any scheme to manipulate future appellate jurisdiction. Thus, our action in transferring this appeal to the Seventh Circuit must not be viewed as indicating how we will rule in future cases, for the circumstances that here prevail may well not recur.

At issue in the judgment presently on appeal is the district court's application of Rule 13(a) to bar USM's antitrust claim as a compulsory counterclaim, and its finding that *res judicata* likewise bars this claim. Because this appeal is wholly devoid of issues under § 1338, present or potential, and judicial efficiency favors resolution by the Seventh Circuit, we decline to assume jurisdiction.

Accordingly,

IT IS ORDERED:

SPS's motion to transfer this appeal to the United States Court of Appeals for the Seventh Circuit is granted pursuant to 28 U.S.C. § 1631.