Donald D. GRONHOLZ,
Plaintiff–Appellant,

v.

SEARS, ROEBUCK AND CO.,
Defendant–Appellee.

87–1431.

United States Court of Appeals,
Federal Circuit.

Dec. 24, 1987.

Richard O. Bartz, Burd, Bartz & Gutenkauf, Minneapolis, Minn., for plaintiff-appellant. With him on the brief was William G. Peterson, Bloomington, Minn.

P. Phillips Connor and Gerald S. Geren, Hill, Van Santen, Steadman & Simpson, Chicago, Ill., for defendant-appellee.

Before NIES, Circuit Judge,
NICHOLS, Senior Circuit Judge, and
MAYER, Circuit Judge.

ORDER

NIES, Circuit Judge.

Sears, Roebuck and Co. (Sears) has moved to transfer, to the United States Court of Appeals for the Eighth Circuit, the appeal of Donald D. Gronholz from a judgment of the United States District Court for the District of Minnesota, No. 4–85–872 (June 5, 1987), in favor of Sears on Gronholz's unfair competition claim because of the lack of appellate jurisdiction in this court. Gronholz has opposed that motion on the ground that his complaint at one time included a claim for patent in-

fringement with jurisdiction based on 28 U.S.C. § 1338 (1982) and, thus, this court has jurisdiction over his appeal under 28 U.S.C. § 1295(a)(1) (1982). After reviewing the submissions of the parties, we grant Sears' motion and transfer the appeal.

## BACKGROUND

Gronholz filed a complaint in the district court which included two counts. The first count asserted that Sears' router guide unit infringed Gronholz's United States Patent No. 4,044,805 (the '805 patent), a patent claim based on 28 U.S.C. § 1338(a). The second count asserted a non-patent claim, namely, that Sears had unfairly competed with Gronholz by misappropriating his router guide unit in violation of trade secrets laws. Sears moved for summary judgment on both counts but received a favorable ruling only on the trade secrets count. Thereafter, Gronholz moved for voluntary dismissal without prejudice of *both* counts. Ultimately, the district court granted Gronholz's unopposed motion as to the patent infringement count, refused to dismiss the trade secrets count, and entered judgment on the latter in accordance with its earlier ruling on Sears' summary judgment motion. Gronholz has appealed from that judgment on the trade secrets count.

After Gronholz filed his appeal with this court, Sears moved for transfer on the grounds that this court has declined jurisdiction when no patent counts remain at the time of the appeal, citing *USM Corp. v. SPS Technologies, Inc.*, 770 F.2d 1035, 226 USPQ 1038 (Fed.Cir.1985), and that "the present case is so devoid of patent issues, present or potential, so as to suggest transfer," citing *Atari, Inc. v. JS & A Group, Inc.*, 747 F.2d 1422, 223 USPQ 1074 (Fed. Cir.1984).

Gronholz does not dispute that he seeks to have us review the judgment in a case now involving only a non-patent law claim. He argues, however, that the district court's jurisdiction was based, at the complaint stage and at the time it made its summary judgment ruling, in part on 28 U.S.C. § 1338 and that the jurisdictional issue should be resolved on the basis of the situation "at the outset of the suit," citing *Atari*, 747 F.2d at 1431, 223 USPQ at 1081. Moreover, his argument continues, this court cannot disregard the literal language of the jurisdictional statute which gives it exclusive jurisdiction over an appeal from a final decision of a district court "if the jurisdiction of that court was based, in whole or in part, on section 1338 of [title 28]." 28 U.S.C. § 1295(a)(1). Thus, Gronholz concludes that we should accept jurisdiction over this case and deny Sears' motion to transfer.

## ANALYSIS

The jurisdictional issue as presented under the facts of this case is one of first impression in this court. Obviously, *Atari*, which both parties cite in support of their respective positions, does not control here. Indeed, in *Atari*, we specifically refused to decide jurisdictional issues such as that now before us:

> Though pressed to do so by some *amici*, we need not and therefore do not explore or decide questions of this court's jurisdiction under circumstances not before us, e.g., when: a patent claim has been withdrawn with prejudice ... before a notice of appeal is filed; a patent claim has been dismissed as frivolous and the dismissal is not appealed; ... a complaint has been amended to give the district court jurisdiction in part on § 1338 that it did not have over the original complaint; or similar circumstances that are here hypothetical.

*Atari*, 747 F.2d at 1428, 223 USPQ at 1077–78.

Similarly, *USM Corp.*, a case in which we transferred an appeal of a judgment on an antitrust count and upon which Sears relies, involved very special circumstances. As stated therein, the holding "must not be viewed as indicating how we will rule in future cases, for the circumstances that here prevail [creation of the Federal Circuit in 1982 intervened between judgment on, and appeal of, the patent issues and judgment on nonpatent issues] may well not

recur." *USM Corp.*, 770 F.2d at 1037, 226 USPQ at 1040.

With respect to other pertinent precedent, the opinion in *USM Corp.* provides the following analysis:

> Previously, this court has exercised jurisdiction over an appeal of anti-trust claims joined with patent claims and arising from the same set of facts, *American Hoist & Derrick Co. v. Sowa & Sons*, 725 F.2d 1350 (Fed.Cir.), *cert. denied*, [469] U.S. [821], 105 S.Ct. 95, 83 L.Ed.2d 41 (1984). We have also assumed jurisdiction of an appeal from a summary judgment involving an anti-trust claim only, where two patent infringement counts remained to be adjudicated in district court, *Albert v. Kevex Corp.*, 729 F.2d 757, 221 USPQ 202 (Fed. Cir.1984). Similarly, we have heard separately filed trademark and patent appeals taken from the same judgment below, *Bandag, Inc. v. Al Bolser's Tire Stores*, 750 F.2d 903, 223 USPQ 982 (Fed. Cir.1984). However, the previously cited cases, as well as *Atari*, involved either present or potential patent issues. By contrast, in the instant [*USM Corp.*] appeal, all § 1338 patent claims have been finally adjudicated and there is no possibility that these claims will be reopened in the ultimate resolution of this extended litigation.

*Id.* at 1037, 226 USPQ at 1039–40. In the instant case, Gronholz correctly asserts that "[t]he patent matter between the parties has not been resolved" and that there is the possibility of a future patent action following reissue of the '805 patent. Thus, the present case falls into none of the fact patterns or even the dicta in these prior decisions.

We start with the initial premise, the "well-pleaded complaint rule," that jurisdiction "must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9–10, 103 S.Ct. 2841, 2846–47, 77 L.Ed.2d 420 (1983) (citing *Taylor v. Anderson*, 234 U.S. 74, 75–76, 34 S.Ct. 724, 724–25, 58 L.Ed. 1218 (1914)). Because the district court's jurisdiction defines our own, *Atari*, 747 F.2d at 1431, 223 USPQ at 1081, and § 1338 gives the district court jurisdiction over any action "arising under" any Act of Congress relating to patents, we have used the plaintiff's well-pleaded complaint as the determinative factor as to whether a suit "arises under" the patent laws for jurisdictional purposes. *Interpart Corp. v. Italia*, 777 F.2d 678, 680, 228 USPQ 124, 126 (Fed. Cir.1985). *See also* 7B *Moore's Federal Practice & Procedure* § 1338, at JC–522 (2d ed. 1987) [hereinafter cited as *"Moore's "*].

Next, we note that Fed.R.Civ.P. 41(a) governs a plaintiff's motion for voluntary dismissal. Rule 41(a) refers to dismissal of an "action." [1] When plaintiffs seek voluntary dismissal of fewer than all the claims, query: Does Rule 41(a) apply? A number of cases and commentators have concluded that Rule 41(a) does not apply in such circumstances and that a plaintiff's motion to dismiss a single claim of a multi-count complaint is properly treated as an amendment under Fed.R.Civ.P. 15.

**1. Rule 41. Dismissal of Actions**

   **(a) Voluntary Dismissal: Effect Thereof.**

   (1) *By Plaintiff; by Stipulation.* Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

   (2) *By Order of Court.* Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

■ As the court explained in *Smith, Kline & French Laboratories v. A.H. Robins Co.*, 61 F.R.D. 24, 28–29, 181 USPQ 12, 14–15 (E.D.Pa.1973):

The initial issue before us is whether Rule 41 is applicable to the present case. Both Rules 41(a)(1) and 41(a)(2) apply by their terms to dismissal of an "action." The reference to an "action" in Rule 41(a) contrasts with Rule 41(b), which provides that "a defendant may move for dismissal of an action *or of any claim* against him." (Emphasis supplied). The language of Rule 41(b) is broader and more comprehensive than the parallel language in Rule 41(a). While the notes of the advisory committee do not discuss the question, it is reasonable to assume that the drafters of Rule 41 would have included similar language in Rule 41(a), had they intended to have that rule cover dismissal by the plaintiff of less than all the claims against any defendant.

. . . .

The Federal Rules and the cases which construe them thus make a clear distinction between a *"claim"* and an *"action."* Therefore, when Rule 41(a) refers to *dismissal of an "action,"* there is no reason to suppose that the term is intended to *include the separate claims which make up an action.* When *dismissal of a claim* is intended, as in Rule 41(b), that concept is spelled out in plain language. [Citation omitted.]

*See also Management Investors v. United Mine Workers*, 610 F.2d 384, 394–95 (6th Cir.1979); *Exxon Corp. v. Maryland Casualty Co.*, 599 F.2d 659, 662 (5th Cir.1979); *C. Van Der Lely N.V. v. F.lli Maschio S.n.c.*, 561 F.Supp. 16, 19–20, 217 USPQ 1258, 1259–60 (S.D.Ohio 1982); 5 *Moore's* ¶ 41.06–1, at 41–82 to –84. We find the analysis in these decisions persuasive. Further, this resolution of the question has been held to have significant jurisdictional effect in some circumstances. The court in *Management Investors* concluded:

But while often dubbed a Rule 41(a) voluntary dismissal, the procedure [whereby a court grants plaintiff's motion to dismiss one count of a multi-count complaint] is more properly viewed as a Rule 15 amendment to the complaint.

Viewed in this light, it becomes clear that while this procedural difference may be of no consequence when claims of equal footing are involved, it makes a great deal of difference in a case such as the present. For to say that plaintiff's dismissal of the federal claims constituted an amendment of the complaint is also to say that there remains no federal claims to which the state claims may be appended.

*Management Investors*, 610 F.2d at 394–95 (citations and footnote omitted). Similarly, the procedural difference is critical here. Although the dismissal of the patent count here did not require dismissal of the unfair competition count, which had an independent jurisdictional basis, that distinction does not undermine making a similar analysis in the present appeal.

■ Using the above-cited authorities as guidance, Gronholz's dismissal of the patent claim constituted an amendment of his complaint. That amendment left a complaint which consisted of a single, non-patent claim for unfair competition. Applying the well-pleaded complaint rule to the complaint then remaining, we determine that the present suit does not "arise under" the patent laws for jurisdictional purposes. *Cf. Schwarzkopf Dev. Corp. v. Ti–Coating, Inc.*, 800 F.2d 240, 245, 231 USPQ 47, 51 (Fed.Cir.1986) ("the transient appearance of the [patent] counterclaim did not give it irrevocable control of the jurisdictional basis of the case. When the counterclaim including the § 1338 counts was dismissed on the pleadings, without opposition by the counterclaimant, it left no legacy on which to base appellate jurisdiction in this court.") (citation and footnote omitted); [2] *Eaton*

---

2. The inclusion of a patent count in the complaint and the voluntary dismissal of that count before trial do not, in this case, appear to have been an effort to manipulate our appellate jurisdiction. Moreover, there would be no forum-shopping advantage in such an effort. If it were properly here, this court would apply the same law as the Eighth Circuit.

*Corp. v. Appliance Valves Corp.*, 790 F.2d 874, 876 n. 3, 229 USPQ 668, 670 n. 3 (Fed.Cir.1986) (amendments which added bona fide patent claim "had force and effect of having been originally pled together" and provided jurisdiction in this court).

ACCORDINGLY, IT IS ORDERED that Sears' motion to transfer the appeal is granted. 28 U.S.C. § 1631 (1982).