**TECHNICON INSTRUMENTS CORP.,**
Plaintiff–Appellant,

v.

**ALPKEM CORPORATION,**
Defendant–Appellee.

No. 88–1396.

United States Court of Appeals,
Federal Circuit.

Jan. 23, 1989.

As Amended March 13, 1989.

Kurt E. Richter, of Morgan & Finnegan, New York City, argued for plaintiff-appel-

lant. Of counsel were Eugene Moroz, William S. Feiler and Michael P. Dougherty, of Morgan & Finnegan, New York City.

Joseph D. Cohen and George K. Meier, III, of Stoel, Rives, Boley, Jones & Grey, Portland, Or., argued for defendant-appellee. Of counsel was Paul S. Angello, of Stoel, Rives, Boley, Jones & Grey, Portland, Or., and Hardy Myers, of Stoel, Rives, Boley, Jones & Grey, Washington, D.C.

Before FRIEDMAN, NIES, and ARCHER, Circuit Judges.

FRIEDMAN, Circuit Judge.

This case began as a patent infringement suit, and the defendant filed an antitrust counterclaim. The patent and antitrust issues were separated for trial, the patent issues being tried first. In the prior appeal in this case, we upheld the findings of the United States District Court for the District of Oregon that there had been no infringement of the patent. *Technicon Instruments Corp. v. Alpkem Corp.*, 837 F.2d 1097 (Fed.Cir.1987) (unpub.). We therefore did not reach the district court's determination that the patent was invalid for lack of an enabling disclosure.

The parties then stipulated that if the patent were "invalid for lack of enablement," the defendant would be entitled to judgment on its antitrust counterclaim for $600,000. Based on its prior ruling that the patent was thus invalid, the district court entered a judgment on the counterclaim for that amount. *Technicon Instruments Corp. v. Alpkem Corp.*, No. CV 85-1564 PA (D.Or. Apr. 6, 1988). In this appeal, the parties argue only the enablement issue.

We conclude that it would be inappropriate for us to decide that question, which relates only to the antitrust counterclaim, because of the lack of the necessary findings with respect to the merits of the antitrust issue. We therefore vacate the judgment of the district court and remand for further proceedings consistent with this opinion.

I

A. In 1985, Technicon Instruments Corporation (Technicon) filed a patent infringement suit, alleging that defendant Alpkem Corporation was infringing United States Patent No. 3,804,593 ('593). Alpkem filed a counterclaim that Technicon had violated section 2 of the Sherman Act (15 U.S.C. § 2), and sections 2(a) and 3 of the Clayton Act (15 U.S.C. § 13(a), 14). The antitrust counterclaims were separated pending the trial on patent infringement.

Following a bench trial, the district court dismissed the complaint. In an extensive and detailed opinion, the court held that the '593 patent was invalid for nonenablement (35 U.S.C. § 112) and unenforceable for inequitable conduct, and that the defendant had not infringed it. *Technicon Instruments Corp. v. Alpkem Corp.*, 664 F.Supp. 1558, 2 USPQ2d 1729 (D.Or.1986). In its appeal to us, Technicon challenged these three rulings.

We affirmed the dismissal of the complaint. We upheld the district court's finding of noninfringement and therefore found it unnecessary to consider the ruling that the patent was invalid for lack of enablement. We also reversed the determination that Technicon had engaged in inequitable conduct during the prosecution of the '593 patent.

B. Following our decision, the parties entered into an agreement, not included in the record presented to us, which narrowed the disputed issues relating to the antitrust counterclaim. The court then entered a counterclaim pretrial order, "filed in accordance with an agreement" and signed by both parties, which recited that "[u]nless otherwise noted, the parties agree on the statements in this pretrial order." In the pretrial order the court stated:

1.2 There remains only one triable claim—Alpkem's counterclaim for violation of § 2 of the Sherman Act.

1.3 In the context of that claim, there remains only one controverted issue—whether the '593 patent is invalid for lack of enabling disclosure.

1.4 This issue has already been ruled on by this court in its Opinion dated September 11, 1986.

The parties also desire the court to make findings of fact and conclusions of law, and to enter judgment, based on the existing record, without further evidentiary proceedings or legal briefing or argument.

The court further stated:

2.4 The remaining portion of the case to be tried, pursuant to the parties' agreements narrowing issues, is a portion of Alpkem's counterclaim, under its Third Amended Counterclaim, for monopoly in violation of § 2 of the Sherman Act. That portion of the counterclaim is a claim for patent misuse. The issue which is determinative of that claim is whether the '593 Patent is invalid for nonenablement.

In a section of the pretrial order captioned *Agreed Statements of Fact and Law*, the court stated:

4.2 If the '593 Patent is invalid for lack of enablement, then Alpkem is entitled to a judgment on its counterclaim.

\*　　\*　　\*　　\*　　\*　　\*

4.4 The only evidence offered by the parties is the prior trial and appellate record in this case. The parties desire the court to render a judgment based on that evidence.

4.5 The amount of damages on such a judgment have been liquidated in the total amount of $600,000 inclusive of all trebling, costs, and attorney fees.

Finally, the pretrial order stated that the "Controverted Issues" were whether "the '593 Patent is invalid for lack of enablement," as Alpkem contended, or whether it "is valid and enabled," as Technicon urged.

The district court then "reaffirmed and adopted by reference" its prior holding that "the patent is invalid for lack of enabling disclosure" and "its underlying findings and conclusions" on that holding, and entered judgment on Alpkem's counterclaim against Technicon for $600,000.

## II

There is a preliminary question, which the parties did not address, whether we have jurisdiction over this appeal. Under 28 U.S.C. § 1295(a)(1) (1982), our jurisdiction depends upon whether the jurisdiction of the district court "was based, in whole or in part, on" 28 U.S.C. § 1338(a), which gives the district courts jurisdiction "of any civil action arising under any Act of Congress relating to patents[.]" The jurisdiction of the district court originally was invoked under section 1338 by the filing of the complaint of patent infringement. The patent complaint was finally adjudicated and disposed of when we affirmed the district court's dismissal of the complaint.

When the case was returned to the district court after that ruling, the only remaining issue related to the antitrust counterclaim, over which the district court had jurisdiction under 28 U.S.C. § 1337. The question is whether we have jurisdiction to review the final determination of the antitrust counterclaim, when the court made that determination after the patent phase of the case had been finally determined.

Our decision in *Korody–Colyer Corp. v. General Motors Corp.*, 828 F.2d 1572, 4 USPQ2d 1203 (Fed.Cir.1987), leads us to conclude that we have jurisdiction. In that case, a complaint for a declaratory judgment that a patent was invalid was joined with an antitrust claim; the defendant counterclaimed for patent infringement. The district court first held the patent invalid, and this court affirmed. The district court then dismissed the antitrust claim as barred by the statute of limitations, and the plaintiff appealed that dismissal to this court.

We held that we had jurisdiction of the appeal. We stated: "The district court's jurisdiction was indisputably based on 28 U.S.C. § 1338. This court, having exercised its jurisdiction in the prior appeal, is best situated to and will continue to exercise its jurisdiction in this follow-on appeal." 828 F.2d at 1574, 4 USPQ2d at 1204.

We distinguished our prior decision in *USM Corp. v. SPS Technologies, Inc.*, 770 F.2d 1035, 226 USPQ 1038 (Fed.Cir.1985), in which the district court had separated patent and antitrust issues for trial and in which two prior appeals in the patent phases of the case had been decided by the Court of Appeals for the Seventh Circuit prior to the creation of this court. There we transferred the appeal in the antitrust phase of the case to the Seventh Circuit

> because: (1) transfer advanced judicial economy, the Seventh Circuit having heard two prior appeals in the case in which underlying issues had been briefed; and (2) the separation occurred before this court existed and could not have been designed to manipulate our jurisdiction. We there cautioned that the decision to transfer "must not be viewed as indicating how we will rule in future cases, for the circumstances that here prevail may well not recur." *Id.*, 770 F.2d at 1037, 226 USPQ at 1040.

*Korody–Colyer*, 828 F.2d at 1574, 4 USPQ2d at 1204. In *Korody–Colyer*, we pointed out that

> [h]ere, however, considerations of judicial economy cut the other way. The circumstance in which a regional circuit had decided the patent phase in an earlier appeal has not recurred. The present appeal, though it turns on application of the statute of limitations, implicates antitrust considerations, with respect to which this court will apply discernible Ninth Circuit law.

*Id.*

The same considerations exist in the present case, and they dictate the same conclusion. Here, as in *Korody–Colyer*, "[t]he district court's jurisdiction was indisputably based on 28 U.S.C. § 1338," and we previously have decided the appeal in the patent phase of the case. The fact that in *Korody–Colyer* the antitrust claim was part of the declaratory judgment complaint, whereas here it was a separate counterclaim, is immaterial in determining our jurisdiction.

If the district court had decided the antitrust question before deciding the patent question, we would have had jurisdiction of an appeal challenging the antitrust ruling. *U.S. Philips Corp. v. Windmere Corp.*, 861 F.2d 695, 8 USPQ2d 1885 (Fed.Cir. 1988). Our jurisdiction should not depend upon the happenstance that the district court here decided the patent issues before deciding the antitrust issues. *See In re Innotron Diagnostics*, 800 F.2d 1077, 1079–80, 231 USPQ 178, 180 (Fed.Cir.1986); *Interpart Corp. v. Italia*, 777 F.2d 678, 680–81, 228 USPQ 124, 125–26 (Fed.Cir. 1985).

## III

Our prior decision affirming the district court's dismissal of the complaint charging patent infringement finally determined the controversy between the parties over the patent issues in this case. Since we upheld the finding of noninfringement, there was no longer any viable dispute between the parties over whether the patent was invalid for lack of enablement, because that contention had been raised only as a defense to the charge of infringement. The only issue then remaining for the district court to adjudicate was Alpkem's antitrust counterclaim.

In the present appeal, however, the only issue the parties ask us to decide is the very enablement question we found it unnecessary to reach in the prior appeal. The present appeal is from the judgment awarding Alpkem $600,000 on its counterclaim charging violation of section 2 of the Sherman Act. The enablement issue arises because of the parties' stipulation, which the district court accepted, that if the patent is invalid for lack of enablement, Alpkem is entitled to recover on its claim. In reaffirming and readopting its prior ruling that the patent is thus invalid and entering judgment for Alpkem on the counterclaim, the district court necessarily held that the invalidity of the patent established that Technicon had violated section 2 of the Sherman Act.

There is nothing in the district court's findings or conclusions in the counterclaim pretrial order, in the court's findings and conclusion in its prior decision that it re-

affirmed and adopted by reference, or in the record upon which those findings and conclusions were based that warrants or supports the latter conclusion. There are no facts, either found or shown by the record, that relate to any of the elements of a section 2 violation.

For example, we do not know what the relevant market is, what share of that market Technicon has, or whether Technicon acquired or maintained that share of the market by exclusionary or other improper acts or practices. The only statement in the counterclaim pretrial order that relates to the substance of the antitrust counterclaim is that the "portion of that counterclaim" that charges "monopoly in violation of § 2 of the Sherman Act ... is a claim for patent misuse." That general statement is insufficient to explain the theory of Alpkem's antitrust counterclaim or the rationale of the district court's conclusion that Alpkem has established its case if the patent is invalid for lack of enablement.

At oral argument Alpkem stated that its theory is that enunciated in *Handgards, Inc. v. Ethicon, Inc.,* 601 F.2d 986, 202 USPQ 342 (9th Cir.1979), *cert. denied,* 444 U.S. 1025, 100 S.Ct. 688, 62 L.Ed.2d 659 (1980). That decision, which we would follow in deciding the antitrust issues in this case (*Chemlawn Services Corp. v. GNC Pumps, Inc.,* 823 F.2d 515, 517, 3 USPQ2d 1313, 1315 (Fed.Cir.1987); *Panduit Corp. v. All States Plastic Mfg. Co.,* 744 F.2d 1564, 1572–75, 223 USPQ 465, 469–72 (Fed. Cir.1984)), indicated that there could be a violation of section 2 if a firm "prosecuted infringement actions in bad faith, that is, with knowledge that the patents, though lawfully-obtained, were invalid." *Id.* 601 F.2d at 994, 202 USPQ at 349. The court pointed out, however, that "a patentee's infringement suit is presumptively in good faith and that this presumption can be rebutted only by clear and convincing evidence." *Id.* at 996, 202 USPQ at 351.

Not only was the *Handgards* theory apparently not before the district court when that court entered its judgment, but there are no findings, evidence, or even suggestion that Technicon prosecuted the infringement action with knowledge that the patent was invalid. Indeed, Technicon's vigorous challenge in this appeal of the district court's finding of invalidity based on nonenablement appears inconsistent with any notion that Technicon knows its patent is invalid.

The mere bringing of a single infringement suit by the holder of a patent that is invalid for lack of enablement in and of itself cannot establish a violation of section 2, and the parties cannot by stipulation establish a violation based on that theory. If the factual bases and theory of Alpkem's antitrust counterclaims were fully developed, it might turn out that even if the patent were invalid for lack of enablement, Alpkem still had not established a violation of section 2. If that were the fact, there would be no need or occasion for us to determine the enablement issue. It therefore would be inappropriate for us to decide the enablement issue at this stage of the antitrust case, when such a ruling might in fact be merely an advisory opinion, which we have no authority to issue.

In remanding this case for further proceedings, we do not suggest that a full trial must be had upon all the factual issues relating to the antitrust counterclaim. The parties may stipulate any facts they wish, and we can review any final judgment based upon those stipulated facts. *Cf. Jensen v. United States,* 326 F.2d 891, 892 (9th Cir.1964) (court may properly dispose of case on stipulated factual record).

We hold only that we cannot properly review the district court's determination that Technicon had monopolized in violation of section 2 of the Sherman Act. We so conclude because that determination was based solely upon the stipulation of the parties, which the district court accepted but which was not accompanied by necessary factual findings, that if the patent is invalid for lack of enablement, then monopolization will be established as a matter of law. "If the stipulation is to be treated as an agreement concerning the legal effect of admitted facts, it is obviously inoperative; since the court cannot be controlled by agreement of counsel on a subsidiary

question of law." *Swift & Co. v. Hocking Valley Ry. Co.*, 243 U.S. 281, 289, 37 S.Ct. 287, 289, 61 L.Ed. 722 (1917). *Accord, Estate of Sanford v. Commissioner*, 308 U.S. 39, 51, 60 S.Ct. 51, 59, 84 L.Ed. 20 (1939) ("We are not bound to accept, as controlling, stipulations as to questions of law.").

### CONCLUSION

The judgment of the district court awarding Alpkem $600,000 on its antitrust counterclaim is vacated, and the case is remanded to the district court for further proceedings consistent with this opinion.

No costs.

VACATED AND REMANDED.

NIES, Circuit Judge, joining with additional comments.

I join the majority's decision to remand rather than dismissing outright. In doing so, however, I have given the parties the benefit of the doubt that they are not attempting improperly to manipulate the court into rendering an opinion on validity even though there appears to be no viable case or controversy which would require us to make the decision. The doubt arises not only because of the contrived nature of the stipulation *sub judice*, but also because, in the earlier appeal, the parties presented this court, just before hearing, with a stipulation of non-infringement and sought a ruling only on validity. When the court pointed out that the appeal would be mooted by the stipulation, the parties jointly withdrew it. Now the parties have stipulated that all elements of the antitrust claim are present except for a judicial determination of enablement or lack thereof. The stipulation would appear to include an admission by Technicon that it brought this suit in bad faith. The particular grounds of bad faith are not specified. At this junction Technicon has failed to show that the enablement issue which they ask us to decide is at all relevant to the antitrust claim. It also appears to be inconsistent with Technicon's position in this appeal. Alternatively, the parties cannot validly stipulate that lack of enablement in itself results in an antitrust violation. Such an attempt would be invalid because the parties may not stipulate as to the legal effect of the enablement issue. *See Swift & Co. v. Hocking Valley Ry. Co.*, 243 U.S. 281, 289, 37 S.Ct. 287, 289, 61 L.Ed. 722 (1917) (stipulation a nullity whether treated as an agreement to legal effect of admitted facts or as establishing facts contrary to record); *accord Saviano v. Commissioner of Internal Revenue*, 765 F.2d 643, 645 (7th Cir. 1985) (while parties are free to stipulate to factual elements, court is not bound by legal conclusions); *Noel Shows, Inc. v. United States*, 721 F.2d 327, 330 (11th Cir. 1983) (stipulation by parties as to question of law not binding on court); *Marden v. International Ass'n of Machinists & Aerospace Workers*, 576 F.2d 576, 580 (5th Cir.1978) (court free to disregard stipulation if parties have spoken to legal effect of facts since court cannot be controlled by agreement on subsidiary question of law); *Mead's Bakery, Inc. v. Commissioner of Internal Revenue*, 364 F.2d 101, 106 (5th Cir.1966) (court not bound by stipulations of law or by stipulations of fact which appear contrary to facts disclosed by the record).