**Ole K. NILSSEN, Plaintiff–Appellant,**

**v.**

**MOTOROLA, INC. and Motorola Lighting, Inc., Defendants–Appellees.**

**No. 99–1223.**

United States Court of Appeals, Federal Circuit.

Decided: Feb. 9, 2000.

Rehearing Denied; Suggestion for Rehearing En Banc Declined April 12, 2000.*

Harry J. Roper, Roper & Quigg, of Chicago, Illinois, argued for plaintiff-appel-

---

* Circuit Judge Newman would rehear the appeal en banc. Circuit Judges Schall and Ga- jarsa did not participate in the vote.

lant. With him on the brief were George S. Bosy, and John E. Titus.

Brian D. Sieve, Kirkland & Ellis, of Chicago, Illinois, argued for defendants-appellees. With him on the brief were James M. Amend, and Michael A. Parks.

Before LOURIE, RADER, and BRYSON, Circuit Judges.

Opinion of the court filed by Circuit Judge LOURIE. Dissenting opinion filed by Circuit Judge RADER.

## ORDER

LOURIE, Circuit Judge.

Motorola, Inc. and its wholly owned subsidiary, Motorola Lighting, Inc., (collectively "Motorola") have moved to transfer the present appeal to the United States Court of Appeals for the Seventh Circuit for lack of appellate jurisdiction, asserting that the patent claims in the case were dismissed without prejudice by the district court and hence that we no longer had jurisdiction over the remaining state law claims. Nilssen has opposed the motion. Because the district court's jurisdiction over the present case was not based on 28 U.S.C. § 1338 (1994) after the patent claims were dismissed without prejudice, Motorola's motion to transfer the appeal is granted.

## BACKGROUND

In 1993, Ole K. Nilssen filed a complaint against Motorola in the United States District Court for the Northern District of Illinois, alleging patent infringement and various state law claims including misappropriation of trade secrets, breach of contract, and promissory estoppel. There is no dispute that at the time of filing, the patent claims were well pleaded and the district court's jurisdiction was based in part on 28 U.S.C. § 1338.

Because the parties had reached the end of the discovery period on the state law claims before discovery on the patent claims had begun, and because Nilssen desired a reexamination of some of the patents involved in the case, the district court preferred that the case go to trial on the state law claims without the patent claims. Motorola suggested that the case be bifurcated and the patent claims be refiled in a separate action. Nilssen protested the separation of the claims during a status hearing, but posed no formal objection. The court agreed with Motorola that bifurcating the case was the most efficient way to manage the trial of all of the claims asserted. Accordingly, the court dismissed Nilssen's patent claims without prejudice under Federal Rule of Civil Procedure 41(b) and granted Nilssen leave to file a new complaint alleging patent infringement. *See Nilssen v. Motorola*, No. 93 C 6333 (N.D.Ill. July 23, 1996) (order). The court specifically recited that its order was being entered "without objection by Ole K. Nilssen." Nilssen then refiled its patent infringement claims in a separate action on September 3, 1996. That action apparently remains pending in the district court before the same judge. The law of probability indicates that we shall see that patent case in our court before too long.

The district court retained jurisdiction over the state law claims even though the patent claims were dismissed. *See* 28 U.S.C. § 1367(c)(3) (1994). On December 30, 1998, the court proceeded to enter judgment against Nilssen on all of the state law claims. Nilssen appealed from that decision to this court. Motorola then moved to transfer the appeal to the United States Court of Appeals for the Seventh Circuit on the ground that this court lacks jurisdiction over the appeal. A judge of this court denied the motion as well as Motorola's subsequent motion for reconsideration.

## DISCUSSION

Motorola asserts that we lack jurisdiction to hear Nilssen's appeal because the dismissal of Nilssen's patent claims with-

out prejudice was tantamount to an amendment of his complaint, and that under *Gronholz v. Sears, Roebuck & Co.*, 836 F.2d 515, 5 USPQ2d 1269 (Fed.Cir.1987), we lack jurisdiction to hear an appeal from a suit that no longer contains claims "arising under" the patent laws. Nilssen responds that the jurisdictional issue must be resolved on the basis of the situation at the outset of the suit. Nilssen also argues that unlike the plaintiff in *Gronholz*, the dismissal of his patent claims was involuntary under Rule 41(b) and therefore not an amendment of the complaint.

We have exclusive jurisdiction over "an appeal from a final decision of a district court of the United States ... if the jurisdiction of that court was based, in whole or in part, on [28 U.S.C. § ] 1338...." 28 U.S.C. § 1295(a)(1) (1994). Section 1338(a) grants federal district courts jurisdiction over patent cases. *See id.* § 1338(a) ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents....").

■ We agree with Motorola that we lack jurisdiction over the present appeal and that transfer to the Seventh Circuit is necessary. There is no dispute that Nilssen's complaint originally contained a well-pleaded claim for patent infringement and that the court's jurisdiction at that point was based in part on 28 U.S.C. § 1338. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 807–09, 108 S.Ct. 2166, 100 L.Ed.2d 811, 7 USPQ2d 1109, 1113 (1988). Jurisdiction normally attaches at the time of filing based on pleadings. Had the patent claims remained in the case, we surely would have had jurisdiction to review the district court's decision on both the patent and the state law claims. *Cf. Atari, Inc. v. JS & A Group, Inc.*, 747 F.2d 1422, 223 USPQ 1074 (Fed.Cir.1984) (*en banc*) (holding that a case still "arises under" the patent laws when the patent claims are separated for trial purposes under Fed.R.Civ.P. 42(b)). However, when the patent claims were dismissed without prejudice under Rule 41(b), the district court's jurisdiction over the remaining state law claims ceased to be based, either in whole or in part, on § 1338. At that point, the court's jurisdiction was based solely on its supplemental jurisdiction under 28 U.S.C. § 1367. The district court had discretion to dismiss the state law claims, but obviously chose not to.

Nilssen's argument that the jurisdictional issue must always be resolved on the basis of the situation at the outset of the suit is contrary to our holding in *Gronholz*. In *Gronholz*, we held that the plaintiff's voluntary dismissal of his patent claim without prejudice under Rule 41(a) left only a single nonpatent claim and thus did not present an action "arising under" the patent laws. *See Gronholz*, 836 F.2d at 518, 5 USPQ2d at 1271. In that case we looked at the basis for the district court's jurisdiction after the patent claim was dismissed without prejudice, not before.

■ We also disagree with Nilssen that the fact that his patent claims were involuntarily dismissed sufficiently distinguishes this case from *Gronholz*. Although we agree with Nilssen that an involuntary dismissal of a claim is technically not an amendment, that distinction is not controlling. The true state of affairs is more critical than mere labels. The fact that a voluntary dismissal of a claim under Rule 41(a) is properly labeled an amendment under Rule 15[1] is a technical, not a substantive, distinction. *See* 8 James Wm. Moore et al., *Moore's Federal Practice* ¶¶ 41.21[2] (3d ed.1999) (hereinafter *"Moore's"*) ("In many instances the procedure for, and effect of, an amendment will be the same as a voluntary dismissal because of the similarities between the governing rules."); *Wilson v. Crouse–Hinds*, 556 F.2d 870, 873 (8th Cir.1977) ("[T]he differences [are] more technical than substantial...."). The voluntariness or involun-

---

1. *See Gronholz*, 836 F.2d at 518, 5 USPQ2d at 1271.

tariness of a dismissal is not controlling in this context because, regardless whether the patent claims were dismissed without prejudice or extinguished by amendment, the effect is the same. The parties were left in the same legal position with respect to the patent claims as if they had never been filed. *See* 8 *Moore's* ¶¶ 41.40[9][b], 41.50[7][b]; 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §§ 2367, 2373 (2d ed.1994); *Hilbun v. Goldberg*, 823 F.2d 881, 883 (5th Cir. 1987).

The fact that the dismissal of Nilssen's patent claims was without prejudice is ultimately what matters. *See Zenith Elecs. Corp. v. Exzec, Inc.* 182 F.3d 1340, 51 USPQ2d 1337 (Fed.Cir.1999). In *Zenith* we held that the dismissal of patent claims *with prejudice* did not divest this court of jurisdiction to review the district court's decision regarding nonpatent claims. *See id.* at 1346, 51 USPQ2d at 1342. Jurisdiction was not divested because the dismissal of a claim with prejudice operated as an adjudication of that claim on the merits. *See id.* We specifically distinguished *Gronholz* as involving a dismissal without prejudice. *See id.*

For these reasons we conclude that Nilssen's appeal does not properly belong in this court. Accordingly,

IT IS ORDERED THAT:

The earlier denial of the motion to transfer this case to the Seventh Circuit is vacated [2] and Motorola's motion to transfer the appeal to the Seventh Circuit is granted. *See* 28 U.S.C. § 1631 (1994).

**2.** The prior denial of the transfer motion was the order of a single judge. Federal Rule of Appellate Procedure 27(c) provides that "an action of a single judge may be reviewed by the court." That order is thus not binding on us as law of the case. *See Thomson v. Merit Sys. Protection Bd.*, 772 F.2d 879, 882 (Fed. Cir.1985). We note also that the *Zenith* decision, *supra*, was issued on July 7, 1999, after both the denial of the transfer motion on April 26, 1999 and the denial of the motion for reconsideration on June 14, 1999. We regret any inconvenience that our full panel reversal

RADER, Circuit Judge, dissenting.

I would resolve this jurisdictional issue according to the overriding and compelling logic of *Atari, Inc. v. JS & A Group, Inc.,* 747 F.2d 1422, 1431, 223 USPQ 1074, 1081 (Fed.Cir.1984) (*en banc*) (holding that jurisdiction is governed by 28 U.S.C. § 1338 according to the terms of the complaint as originally filed). This court today instead follows *Gronholz v. Sears, Roebuck & Co.,* 836 F.2d 515, 5 USPQ2d 1269 (Fed.Cir. 1987). In my eyes, neither *Atari* nor *Gronholz* controls because each case is limited to its facts, and neither involves an involuntary dismissal without prejudice under Fed.R.Civ.P. 41(b). However, I find *Atari* more applicable than *Gronholz* for three following reasons. First, of course, *Atari* is an *en banc* pronouncement. Second, the *Atari* court deals far more thoroughly and convincingly with the statutory language and jurisdictional policies at stake such as forum shopping. Finally, this case is procedurally closer to *Atari* than *Gronholz*. In *Gronholz*, the party filing the suit itself requested dismissal of the patent claims, thus amending its own originally filed complaint. In this case, Nilssen did not undertake any action to amend its complaint. Instead the district court dismissed over Nilssen's objections under Fed.R.Civ.P. 41(b).[*]

of the earlier decision on the jurisdiction issue may have caused the parties.

[*] The majority correctly states that Mr. Nilssen did not formally object to the district court's dismissal of Nilssen's patent claims. However, at oral argument, Nilssen explained that he had argued against dismissing the patent claims but was unable to object without the fear that such an objection would negatively impact the district court's rulings on Nilssen's other claims. Thus, withholding at length his formal objection, Nilssen had clearly opposed

the dismissal. That fact is reflected by the district court's use of Fed.R.Civ.P. 41(b) to achieve the dismissal. That rule is titled *"Involuntary* Dismissal."