NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KEN NOLEN,**
*Plaintiff-Cross Appellant,*

AND

**MATTICKS & EASTHAM, LLP,**
*Movant-Cross Appellant,*

AND

**SAM G. GIBBS,**
*Plaintiff-Cross Appellant,*

AND

**COTTON, BLEDSOE, TIGHE & DAWSON, P.C.,**
*Movant-Cross Appellant,*

v.

**LUFKIN INDUSTRIES, INC., GARY BUSH** AND
**ANDREWS KURTH, LLP,**
*Defendants-Appellants.*

---

2011-1251, -1265, -1278, -1279, -1499, -1500, -1522, -1523

---

Appeals from the United States District Court for the Western District of Texas in case no. 10-CV-0048, Senior Judge Harry Lee Hudspeth.

Before RADER, *Chief Judge*, LOURIE, and O'MALLEY,
*Circuit Judges.*

O'MALLEY, *Circuit Judge.*

## ORDER

Ken Nolen and Sam Gibbs (collectively, "Plaintiffs") have filed separate motions to dismiss these appeals for lack of subject matter jurisdiction and to stay the district court's injunction, which prohibits Plaintiffs from litigating their remanded state law claims in state court. Because we conclude that Plaintiffs have not asserted a claim that arises under the patent laws, we lack jurisdiction over these appeals and, therefore, transfer them to the United States Court of Appeals for the Fifth Circuit.

## BACKGROUND

These appeals arise out of a complaint filed by Lufkin Industries, Inc. ("Lufkin") in Texas state court, asserting various state law claims, including a claim for trade secret misappropriation, against Nolen, Gibbs and other former Lufkin employees. Nolen and Gibbs filed a counterclaim against Lufkin and a third-party complaint against attorney Gary Bush and his firm, Andrews Kurth, LLP (collectively, Lufkin, Bush, and Andrews Kurth are referred to as "Defendants"), alleging that those parties fraudulently induced Plaintiffs to execute assignment agreements transferring ownership of certain patents to Lufkin ("the Assignment Agreements"). The third-party complaint against Bush and Andrews Kurth alleged various state law causes of action arising from Bush's role in having the Assignment Agreements executed, including breach of contract, breach of fiduciary duty, and professional negligence. Among other relief, Plaintiffs sought a declaration that they are the rightful owners of the as-

signed patents. Plaintiffs also asserted claims under the Lanham Act, alleging that Lufkin's continued use of their first names to brand Lufkin's products constitutes a false designation of origin.

Plaintiffs' counterclaims against Lufkin and third-party claims against Bush and his firm were severed into a new case and removed to the United States District Court for the Western District of Texas. As grounds for removal, Lufkin cited 28 U.S.C. §§ 1331 and 1338, pointing to the presence of Plaintiffs' Lanham Act claims and the patent law issues relating to patent ownership, as well as supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.[1]

After the case was removed, Plaintiffs amended their complaints, with leave of court, to include counts for patent infringement and false marking under the patent laws. Plaintiffs expressly made each of these claims contingent on the district court first rescinding the Assignment Agreements and awarding ownership of the assigned patents to Plaintiffs. For example, Nolen prefaces his infringement counts with the following:

> 119. Nolen seeks a rescission and/or cancellation of the assignment of the '890 patent to Lufkin. *Thereupon such relief being granted, Nolen will again be the sole and exclusive owner of the '890 Patent and entitled to plead, prove and recover upon the following causes of action.*

Ken Nolen's Third Am. Compl., *Nolen v. Lufkin Indus., Inc.*, Case No. 10-cv-48 (W.D. Tex. July 23, 2010), ECF No. 69-1 ¶ 119 ("Nolen's Third Amended Complaint") (emphasis added). All of Plaintiffs' counts for patent

---

[1] The parties do not argue that diversity jurisdiction exists.

infringement and for false marking are similar in that they expressly condition Plaintiffs' ability to assert those claims on the district court first rescinding the Assignment Agreements.

Defendants filed several motions to dismiss and motions for summary judgment on Plaintiffs' federal and state law claims, which the district court resolved in a series of decisions. Among its orders, the district court granted partial summary judgment to Lufkin on Plaintiffs' patent infringement claims. Specifically, the court found that Plaintiffs lacked standing to assert such claims because they did not own the patents at issue and required judicial action (i.e., rescission of the Assignment Agreements) to obtain ownership.

The district court also disposed of Plaintiffs' Lanham Act claims prior to trial and issued summary judgment rulings on some of the state law claims. Having resolved all the federal claims at issue and some of the state law claims, the court declined to exercise supplemental jurisdiction over the remaining state law claims and remanded those claims to the Texas state court. On motion of Bush and the firm, the district court also enjoined Plaintiffs and their counsel from participating in the state court litigation.

Each party has appealed various portions of the district court's orders. Bush and the firm appeal the ruling in which the district court declined to exercise supplemental jurisdiction over the state law claims, while Plaintiffs and Lufkin appeal from various other pre-remand orders. Plaintiffs and their counsel also appeal from the district court's injunction, and they move this court to stay that injunction pending disposition of these appeals. Finally, Plaintiffs move to dismiss these appeals for lack of subject matter jurisdiction, the motion that is the subject of this order.

## DISCUSSION

This court has jurisdiction over "an appeal from a final decision of a district court of the United States . . . if the jurisdiction of that court was based, in whole or in part, on [28 U.S.C. § ] 1338 . . . ." 28 U.SC. § 1295 (2010).[2] In turn, Section 1338 provides that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents . . . ." 28 U.S.C. § 1338.   Based on these statutes, the Supreme Court has explained that our jurisdiction extends "only to those cases in which a well-pleaded complaint establishes either [1] that federal patent law creates the cause of action or [2] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 809 (1988).   Because we conclude that the claims in this case do not fall within either of those categories, this court lacks jurisdiction over these appeals.

As an initial matter, the parties dispute which versions of Plaintiffs' complaints are the relevant versions for this analysis.[3]  Plaintiffs urge us to look to the complaints at the time of removal, which contained only state law and Lanham Act claims.   Defendants argue that the

---

[2] The Leahy-Smith America Invents Act, which was signed into law on September 16, 2011, amended Sections 1295 and 1338.  *See* Leahy-Smith America Invents Act, Pub. L. No. 112-29 § 19, 125 Stat. 284, 331-32 (2011). Because those amendments are effective only for actions commenced on or after the date of enactment, *id.* § 19(e), we rely on the version of our jurisdictional statute in place at the time Plaintiffs filed their complaints in this case.

[3] Gibbs and Nolen each filed separate complaints and amended complaints.

relevant pleadings are the complaints as amended that existed at the time of the parties' notices of appeal, which would require us to review Gibbs' and Nolen's Third Amended Complaints.

Generally, an amended pleading supersedes the original for all purposes. Thus, "when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473-74 (2007). By extension, this court on a number of occasions has looked to the complaint as amended to determine which forum has jurisdiction. *See, e.g., Chamberlain Group, Inc. v. Skylink Techs., Inc.*, 381 F.3d 1178, 1189 (Fed. Cir. 2004) ("Federal Circuit jurisdiction depends on whether the plaintiff's complaint as amended raises patent law issues."); *Gronholz v. Sears, Roebuck & Co.*, 836 F.2d 515, 518 (Fed. Cir. 1987) (determining jurisdiction based on the complaint as amended); *see also Christianson*, 486 U.S. at 822-24 (Stevens, J., concurring); *Holmes Group v. Vornado Air Circulation Sys.*, 535 U.S. 826, 835 (2002) (Stevens, J., concurring). Accordingly, we agree with Defendants that Plaintiffs' Third Amended Complaints control this analysis.[4]

---

[4] Plaintiffs point to a statement in a footnote of one of our decisions suggesting that the relevant complaint is the complaint at the time of removal. *See Air Measurement Techs., Inc. v. Akin Gump Strauss Hauer & Feld, L.L.P.*, 504 F.3d 1262, 1268 n.8 (Fed. Cir. 2007). That statement, however, is dictum because we acknowledged that there were "no substantial differences" between the removal complaint and the amended complaint. *Id.* In addition, the case we cited for that proposition addressed the propriety of the *removal* of an action and expressly distinguished that analysis from the determination of

As mentioned above, Plaintiffs' Third Amended Complaints purport to allege claims for patent infringement and false marking, but Plaintiffs expressly and repeatedly condition their ability to bring those claims on the district court first rescinding the Assignment Agreements. As a result, this case falls squarely within our precedent holding that a claim for patent infringement does not arise under the patent laws when it requires judicial action to vest title in the party alleging infringement. *See Jim Arnold Corp. v. Hydrotech Sys., Inc.*, 109 F.3d 1567, 1572 (Fed. Cir. 1997) (finding that, if a plaintiff does not own a patent absent judicial intervention voiding a patent assignment, "federal court is not the place to seek that initial judicial intervention"); *see also Larson v. Correct Craft, Inc.*, 569 F.3d 1319, 1327 (Fed. Cir. 2009) (finding no standing to sue for correction of inventorship because, "[w]ithout first voiding his patent assignments, Larson has no ownership interest in the . . . patents.").

Our decision in *Jim Arnold* is remarkably similar to this case and controls the outcome here. In *Jim Arnold*, the plaintiffs originally filed an action in Texas state court, asserting state law claims for fraudulent inducement, breach of fiduciary duties, and breach of contract, as well as a claim for patent infringement. 109 F.3d at

---

whether federal jurisdiction is proper, which is closer to the question presented here. *See Bd. of Regents v. Nippon Tel. & Tel. Corp.*, 414 F.3d 1358, 1360 n.* (Fed. Cir. 2005) ("Because Plaintiffs have contested the propriety of NTT's removal prior to entry of final judgment, this case is distinguishable from the line of cases considering only whether federal jurisdiction is proper."); *see also Pegram v. Herdrich*, 530 U.S. 211, 215 n.2 (2000) ("Herdrich's amended complaint alleged ERISA violations, over which the federal courts have jurisdiction, and we therefore have jurisdiction regardless of the correctness of the removal").

1573. Like Plaintiffs in this case, the plaintiffs in *Jim Arnold* sought rescission of a patent assignment agreement and alleged that, because the patent assignment was void, the defendants had no rights in the patents at issue and were liable for patent infringement. *Id.* The district court entered summary judgment in favor of the defendants, finding that the patent claim was barred by laches. *Id.* at 1571.

The plaintiffs in *Jim Arnold* originally appealed to the Fifth Circuit, which transferred the appeal to this court. *Id.* at 1569. This court, however, found that there was no federal question present in the plaintiffs' complaint and vacated the district court's decision with instructions to remand it to state court. In reaching that conclusion, we found that the plaintiffs' patent infringement claim did not confer federal question jurisdiction because the plaintiffs did not have ownership rights in the patent without judicial intervention. *Id.* at 1577. We explained that, "[t]o invoke the jurisdiction of a federal court under § 1338, it is necessary that plaintiff allege facts that demonstrate that he, and not the defendant, owns the patent rights on which the infringement suit is premised." *Id.* at 1571-72. The allegations of ownership must "have a plausible foundation" and not be "frivolous or insubstantial." *Id.* at 1572.

We further held that:

> [u]ntil ownership is restored in the assignor, there can be no act of patent infringement by the assignee. Federal question jurisdiction must exist at the time the complaint is filed for a federal court to exercise authority over the case [citation omitted], and without first receiving equitable relief that restores to the assignor title to the patent, any claim of ownership by the assignor will be unfounded. Further, because an action to rescind or can-

> cel the assignment is a state-law based claim
> [citation omitted], absent diversity jurisdic-
> tion it is to a state court that plaintiffs must
> look in seeking a forfeiture of the license.

*Id.* at 1577. Accordingly, although the complaint pur-
ported to assert a claim for patent infringement, we
concluded that it "fail[ed] to present a nonfrivolous allega-
tion of ownership of the patents at issue sufficient to
confer jurisdiction on the district court pursuant to 28
U.S.C. § 1338." *Id.* at 1578.

Like the complaint in *Jim Arnold*, Plaintiffs' Third
Amended Complaints in this case expressly condition
their patent infringement and false marking claims on
rescission of the Assignment Agreements. Each count for
infringement or false marking first alleges that Plaintiffs
seek a "rescission and/or cancellation" of the Assignment
Agreements and can assert a claim "[t]hereupon such
relief being granted," or explain that Plaintiffs are enti-
tled to relief "[i]n the event the '890 [Assignment] is
cancelled or rescinded." *See, e.g.*, Nolen's Third Amended
Complaint ¶¶ 119, 125, 131, 135. We therefore agree with
the district court's conclusion that "the complaint can only
be read as stating that in order for this Court to reach the
patent infringement claims, it first must resolve the
ownership interests resulting from the assignments
outlined therein." *See* Order Regarding Lufkin's Mot. for
Partial Summ. J. at 5, *Nolen v. Lufkin Indus., Inc.*, Case
No. 10-cv-48 (W.D. Tex. Feb. 3, 2011), ECF No. 181.

Our conclusion is bolstered by the parties' own char-
acterizations of Plaintiffs' "patent claims" in their district
court papers, where they agreed that Plaintiffs' patent
claims are either conditioned on rescission of the Assign-
ment Agreements or are essentially repackaged state law
claims. For example, in responding to Lufkin's motion for
partial summary judgment on his patent infringement
claims, Gibbs expressly stated that his "infringement

claims are conditioned upon Gibbs' election to obtain the equitable remedy of rescission of the post-October 22, 2003 patent assignments." Gibbs' Response to Lufkin's Mot. for Partial Summ. J. on Standing and Fraud Claims, *Nolen v. Lufkin Indus., Inc.*, Case No. 10-cv-48 (W.D. Tex. Jan. 15, 2011), ECF No. 152. For its part, Lufkin initially moved to dismiss Plaintiffs' claims for patent infringement and false marking, asserting that these claims were "repackage[d]" fraud claims "that are all based and grounded in a course of conduct by Lufkin which Gibbs alleges was fraudulent (alleged fraud relating to the assignment of intellectual property rights)." Lufkin's Mot. to Dismiss Gibbs' Third Amended Complaint, *Nolen v. Lufkin Indus., Inc.*, Case No. 10-cv-48 (W.D. Tex. Aug. 16, 2010), ECF No. 89. Accordingly, Lufkin argued that these patent claims were no different than Plaintiffs' fraud claims and, therefore, should fall with those claims.

Based on our reading of Plaintiffs' Third Amended Complaints, which is confirmed by the parties' own characterizations of those pleadings, we find that Plaintiffs have not alleged any claims that arise under the patent laws sufficient to confer jurisdiction on this court. Plaintiffs' allegations regarding the Assignment Agreements relate solely to ownership of the patents at issue, which is a question governed by state law. *MyMail, Ltd. v. Am. Online, Inc.*, 476 F.3d 1372, 1376 (Fed. Cir. 2007) ("[T]he only question is one of ownership. State law, not federal law, addresses such property ownership disputes.") In addition, Plaintiffs have failed to make any plausible allegations of ownership of the patents at issue that do not first require judicial intervention. *See Jim Arnold Corp.*, 109 F.3d at 1572. As a result, this court lacks jurisdiction over these appeals.

Accordingly,

IT IS ORDERED THAT:

Gibbs' and Nolen's motions to dismiss for lack of subject matter jurisdiction are granted. Pursuant to 28 U.S.C. § 1631, in the interest of justice, we transfer Appeal Nos. 2011-1251, -1265, -1278, -1279, -1499, -1500, -1522, -1523 to the United States Court of Appeals for the Fifth Circuit. Because we lack jurisdiction over these appeals, we do not address the parties' other pending motions, which are properly directed to the Fifth Circuit should the parties choose to re-file them there.

FOR THE COURT

**FEB 0 1 2012**
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc: Kenneth E. Carroll, Esq.
Kenneth R. Matticks, Esq.
Richard D. Milvenan, Esq.
Charles C. Aycock, Esq.

Issued As A Mandate: __**FEB 0 1 2012**_____

**FILED**
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

FEB 0 1 2012

JAN HORBALY
CLERK