41 F.3d 1520
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Samuil K. TARGAN, Petitioner,
v.
DEPARTMENT OF the ARMY, Respondent.
 No. 94-3498.
 United States Court of Appeals, Federal Circuit.
 Nov. 15, 1994.
 
 Before LOURIE, Circuit Judge, COWEN, Senior Circuit Judge and CLEVENGER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Samuil K. Targan petitions for review of the final decision of the Merit Systems Protection Board, Docket No. SF351940159-I-1, affirming the decision by the Department of the Army (agency) to separate him from his position through a Reduction in Force (RIF). Because the board correctly determined that Targan's separation did not violate governing regulations, we affirm.
 
 DISCUSSION
 
 2
 Targan was employed by the agency as a Ukrainian language instructor at the Defense Language Institute Foreign Language Center (DLI) in Presidio of Monterey, California. Due to budgetary constraints and an enrollment decline, the agency decided to abolish approximately 80 language instructor positions in the excepted service at DLI. Pursuant to a collective bargaining agreement between DLI and the National Federation of Federal Employees (union), the agency and union entered into negotiations concerning the impact of the RIF. As a result, the agency agreed to extend assignment rights ("bump" and "retreat") to qualified excepted service employees.
 
 
 3
 On July 30, 1993, the agency notified Targan that he was being separated from his position pursuant to RIF regulations. Targan was "bumped" from his job by an excepted service employee who was in a higher tenure group.
 
 
 4
 Targan appealed his separation to the board, arguing that his separation was improper because an agency-wide RIF regulation, Army Regulation (AR) 690-351-1, prohibited DLI from extending assignment rights to excepted service employees, including the person who bumped him. That regulation provides:
 
 
 5
 Eligibility. Employees in the excepted service have no assignment rights to positions outside their competitive level. Consideration may be given to assigning released employees to vacancies.
 
 
 6
 AR 690-351-1 Sec. 5-2(b) (1992).
 
 
 7
 The regulation supplemented Federal Personnel Manual (FPM)[1] Sec. S5-2(b) (1989), which provided:
 
 
 8
 Eligibility. The RIF regulations extend assignment rights to each competitive service employee in tenure group I or II who has a current annual performance rating of minimally successful or higher.... An employee either in tenure group III or with a current annual performance rating of unacceptable has no assignment right. (The RIF regulations do not extend assignment rights to excepted service employees, but an agency may do so under subsection S5-10a(3).) (emphasis added).
 
 
 9
 Targan argued that because AR 690-351-1 Sec. S5-2(b) omitted the phrase "but an agency may do so under subsection S5-10a(3)," and added "[c]onsideration may be given to assigning released employees to vacancies," the regulation eliminated the agency's right to give assignment rights to its excepted service employees.[2] Therefore, Targan argued, the agency-union agreement to extend assignment rights to excepted service employees, and Targan's separation pursuant thereto, were invalid.
 
 
 10
 The Administrative Judge (AJ) rejected Targan's interpretation. The AJ noted that although AR 690-351-1 omitted reference to the option of extending assignment rights to excepted service employees, it retained without change FPM Sec. S5-2(d) (1989), which provided:
 
 
 11
 Agency options. An agency may at its discretion: (1) Extend additional assignment rights to certain employees as provided in section S5-10....
 
 
 12
 FPM Sec. S5-10a(3) (1989), which was also retained by AR 690-351-1, in turn provided:
 
 
 13
 Discretionary Practices. Subject to the restrictions in subsection S5-10b, an agency may at its discretion adopt any of the following practices for assigning employees in a reduction in force:
 
 
 14
 ....
 
 
 15
 (3) Establish a system of assignment rights for competing employees in the excepted service. While excepted employees have no right of assignment under the RIF regulations, an agency may extend rights similar to the provisions in sections S5-4 and S5-5, and subsections S5-10(a)(1) and (2).
 
 
 16
 The AJ concluded that, under FPM Secs. S5-2(d) and S5-10(a)(3), the agency retained the discretion to grant assignment rights to its excepted service employees.[3] The AJ thus held that the agency-union agreement to extend such rights to excepted service employees did not violate applicable regulations and that Targan's separation was therefore proper.
 
 
 17
 The AJ's March 24, 1994 Initial Decision became the final decision of the board on June 20, 1994, when the board denied Targan's petition for review. Targan now appeals.
 
 
 18
 Under our narrow standard of review, we affirm decisions of the board unless they are (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988).
 
 
 19
 Targan raises one issue on appeal. He argues that the AJ failed to consider the following "factual" stipulation between the parties:
 
 
 20
 Army Regulation 690-351-1 issued 2 February 1992 ... was intended to prohibit local activities from extending assignment rights of "bump" and "retreat" to excepted service employees on a discretionary basis.
 
 
 21
 Specifically, Targan contends that the AJ made an erroneous "factual finding" concerning the agency's intent to abolish the option of extending assignment rights to its excepted service employees. We disagree. The AJ construed the relevant regulations in their entirety and reached the legal conclusion that AR 690-351-1 did not prohibit the agency from extending assignment rights to its excepted service employees. While courts, and the board, may be bound by factual stipulations, they are not bound by parties' stipulations concerning questions of law. See, e.g., Technicon Instruments Corp. v. Alpkem Corp., 866 F.2d 417, 421-22 (Fed.Cir.1989). Thus, the AJ was not bound by the parties' stipulation concerning the meaning of AR 690-351-1.
 
 
 22
 Having reviewed the governing regulations, we conclude that the AJ correctly determined that AR 690-351-1 did not deprive the agency of its retained authority under FPM Secs. S5-2(d) and S5-10(a)(3) to extend assignment rights to excepted service employees. Thus, Targan has not persuaded us that the board erred in affirming the agency's action.
 
 
 
 [1]
 The FPM was abolished effective December 31, 1993, but remained in effect on all dates relevant to this appeal
 
 
 [2]
 To support his construction of AR 690-351-1, Targan offered the deposition testimony of John Sewell, the official responsible for RIFs in the Department of the Army Civilian Personnel Directorate. Sewell testified that his supervisor had informed him that the regulation was intended to eliminate the option of extending assignment rights to excepted service employees
 
 
 [3]
 The AJ also noted that a government-wide regulation codified at 5 C.F.R. Sec. 351.705(a)(3) provides that agencies have discretion to extend assignment rights to excepted service employees