# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

HELLS CANYON PRESERVATION
COUNCIL, an Oregon non-profit
corporation,
                 *Plaintiff-Appellant,*

            v.

UNITED STATES FOREST SERVICE, an
agency of the United States
Department of Agriculture,
                 *Defendant-Appellee.*

No. 03-35579

D.C. No.
CV-02-01138-FR

OPINION

Appeal from the United States District Court
for the District of Oregon
Helen J. Frye, District Judge, Presiding

Argued and Submitted
March 10, 2005—Portland, Oregon

Filed April 5, 2005

Before: Stephen Reinhardt, Marsha S. Berzon, and
Jay S. Bybee, Circuit Judges.

Opinion by Judge Berzon

## COUNSEL

William H. Sherlock, Hutchinson, Cox, Coons & DuPriest, P.C., Eugene, Oregon, and Brett Brownscombe, Hells Canyon Preservation Council, La Grande, Oregon, for the plaintiff-appellant.

Michael W. Mosman, United States Attorney, and Jeffrey K. Handy, Assistant United States Attorney, District of Oregon, Portland, Oregon, Thomas L. Sansonetti, Assistant Attorney General, and James Kilborn, Todd S. Aagard, Clay Samford, and Katherine W. Hazard, Environmental & Natural Resources Division, United States Department of Justice, Washington, D.C., for the defendant-appellee.

## OPINION

BERZON, Circuit Judge:

When a party withdraws one of its claims before the trial court enters judgment and the action is subsequently dis-

missed on the merits, does the trial court's failure to indicate that the withdrawn claim was dismissed without prejudice necessarily render its decision a "final judgment on the merits" as to that claim? Because we answer this question in the negative, we reverse the district court's dismissal of this suit on res judicata grounds and remand for further proceedings.

I

The Hells Canyon National Recreation Area (HCNRA), located on Oregon's border with Idaho, was established by Congress in 1975 pursuant to the Hells Canyon National Recreation Area Act, Pub. L. No. 94-199, 89 Stat. 1117 (1975), 16 U.S.C. §§ 460gg *et seq.* The HCNRA includes the "Hells Canyon Wilderness," which is defined as the area "depicted on the map entitled 'Hells Canyon National Recreation Area' dated May 1978,[1] which shall be on file and available for public inspection in the officer of the Chief, Forest Service, United States Department of Agriculture." 16 U.S.C. § 460gg(b). The Hells Canyon Wilderness is governed by the HCNRA Act or the Wilderness Act, 16 U.S.C. §§ 1131-36, whichever is more restrictive. *See* 16 U.S.C. § 460gg-1(b). One of the Wilderness Act's restrictions bars the use of motorized vehicles within designated wilderness areas "except as necessary to meet minimum requirements for the administration of the area." *Id.* § 1133(c).

At issue in this case is the Lord Flat Trail, a fifteen-mile man-made motorized path on the rim of Hells Canyon. The Trail was initially created in 1960 as a defense against a fire. Since that time, motorized use of the Trail has steadily increased.

In 1989, the U.S. Forest Service discovered that a 1.5-mile

---

[1]The original Act referred to a map dated "September 1975." Congress replaced the 1975 map in 1978. *See* National Parks and Recreation Act of 1978, Pub. L. No. 95-625, § 607, 92 Stat. 3467, 3520.

stretch of the Lord Flat Trail was within the Hells Canyon Wilderness. After temporarily banning motorized vehicle use on the Trail to avoid violating the Wilderness Act, the Forest Service decided in 1992 to relocate that part of the Trail within the Wilderness. After the relocation, Hells Canyon Preservation Council ("HCPC"), the plaintiff-appellant here, brought suit, alleging that the Forest Service violated the National Environmental Policy Act (NEPA), 42 U.S.C. §§ 4321 *et seq.*, by failing to file an environmental impact statement when it relocated the 1.5 mile stretch of the Trail. HCPC also maintained that, even after the relocation, other parts of the Trail remained within the Hells Canyon Wilderness, and that, consequently, motorized vehicle use of the Trail continued to violate the Wilderness Act. *See Hells Canyon Pres. Council v. U.S. Forest Serv.*, 883 F. Supp. 534, 535 (D. Or. 1995) ("*HCPC I*").

HCPC's Wilderness Act claim in *HCPC I* rested on a "Forest Service transportation system map" indicating a half-mile area where the Lord Flat Trail appeared to cross the Wilderness boundary. In response to HCPC's summary judgment motion, the Forest Service responded that the map upon which HCPC relied was "incorrect." In other words, HCPC's 1994 Wilderness Act claim was premised on a Forest Service map that the Forest Service asserted was inaccurate. During oral argument before the district court on the parties' cross-motions for summary judgment, HCPC, taking into account the Forest Service's representation, voluntarily abandoned its Wilderness Act claim. Accordingly, the district court, after it rejected HCPC's NEPA claim on the merits, dismissed the cross-motions for summary judgment on the Wilderness Act claim as "moot." *See id.* at 539.

It was not until 1997 that HCPC specifically documented those locations where the Trail crossed the hydrologic divide. The divide is, according to HCPC's interpretation of the HCNRA Act, the Wilderness boundary. In response to that discovery, and after a series of exchanges with the Forest Ser-

vice over the existence and location of the "May 1978" map referred to in the Act, HCPC brought this suit in 2002, alleging violations of the HCNRA Act, the Wilderness Act, and the Administrative Procedure Act, 5 U.S.C. § 706. Specifically, HCPC alleged in its complaint that (1) the Service violated the HCNRA Act by failing to produce or otherwise provide the 1978 map required by the Act to be on file in the Forest Service Chief's office; (2) portions of the Lord Flat Trail remain in the Hells Canyon Wilderness, and motorized vehicle use on the trail therefore violates the Wilderness Act; and (3) the Service's current definition of the western Wilderness boundary as following the rim of the Canyon rather than the hydrologic divide is arbitrary and capricious in violation of the APA.

In an unpublished opinion, the district court dismissed the suit, finding each of HCPC's claims barred by res judicata. Specifically, the court held that all of HCPC's claims either were or could have been raised in the *HCPC I* litigation, and that final judgment in that case therefore precluded relitigation of those claims here. From this ruling, HCPC timely appeals.

## II

[1] We review the district court's dismissal on res judicata grounds de novo. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). As we recently explained, "[t]he doctrine of *res judicata* provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action, and is central to the purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdiction." *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051-52 (9th Cir. 2005) (internal quotation marks omitted).[2] "The elements necessary to estab-

---

[2]Claim preclusion bars any lawsuits on any claims that were raised or could have been raised in a prior action." *Providence Health Plan v.*

lish res judicata are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.' " *Id.* at 1052 (quoting *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003)). As the parties are identical, the only issues here are whether there is "an identity of claims" with, and "a final judgment on the merits" in, *HCPC I*.

A

The district court in this case concluded that HCPC's Wilderness Act claim reached a final judgment on the merits of the action in *HCPC I*. It is certainly true that there was *a* final judgment on the merits of the action in *HCPC I*, as the district court granted the government's motion for summary judgment on HCPC's NEPA claim. *See HCPC I*, 883 F. Supp. at 539; *see also* Fed. R. Civ. P. 56(c). But res judicata doctrine focuses on an identity of *claims*, specifying that "a valid final adjudication *of a claim* precludes a second action *on that claim* or any part of it." *Baker ex rel. Thomas v. Gen. Motors Corp.*, 522 U.S. 222, 233 n.5 (1998) (emphasis added). That is to say, the "final judgment" prong of the res judicata test is claim-specific. With that caveat in mind, we turn to the somewhat thorny question whether the Wilderness Act claim in *HCPC I* was included in the "final judgment on the merits" rendered by the district court.

---

*McDowell*, 385 F.3d 1168, 1173-74 (9th Cir. 2004) (emphasis and internal quotation marks omitted), *petition for cert. filed*, 73 U.S.L.W. 3401 (U.S. Dec. 28, 2004) (No. 04-883). We note, briefly, that courts have not always been clear that the phrase "claims that were raised or could have been raised," refers to legal theories arising out of the same transactional nucleus of facts, rather than to distinct causes of action. The contrary reading would suggest that any cause of action that could have been joined in the original action would be precluded, a point we rejected over four decades ago. *See Bankers Trust Co. v. Pac. Employers Ins. Co.*, 282 F.2d 106, 111 (9th Cir. 1960); *see also Gallagher v. Frye*, 631 F.2d 127, 130 (9th Cir. 1980).

**[2]** "[F]inal judgment on the merits" is synonymous with "dismissal with prejudice." *See, e.g.*, *Stewart*, 297 F.3d at 956; *see also Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505-06 (2001). *HCPC I*, however, is silent as to whether HCPC's Wilderness Act claim was dismissed by the court *at all*. In full, the relevant passage of the opinion in *HCPC I* provides as follows:

> In its complaint, plaintiff alleged that another portion of Lord Flat Road is located illegally within the wilderness area and must be closed. At the hearing on the parties' motions for summary judgment, plaintiff withdrew that claim. Accordingly, defendant's and plaintiff's motions for summary judgment on that claim are MOOT.

883 F. Supp. at 539. The Forest Service also emphasizes the language of the *judgment* in *HCPC I*. That judgment, however, provided only that "this *action* is dismissed," (emphasis added), without specifying which claims were still part of the action when it was dismissed.

The Forest Service argues that *HCPC I*'s silence is given meaning by Rule 41(b) of the Federal Rules of Civil Procedure, which provides in pertinent part that:

> Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.[3]

---

[3]Because this suit was filed in the same district court as *HCPC I*, we need not address the impact of *Semtek*'s holding that an "adjudication upon the merits" under Rule 41(b) does not necessarily have preclusive effect in *other* courts. *See, e.g.*, *Semtek*, 531 U.S. at 506; *see also Headwaters*, 399 F.3d at 1052 n.4 ("As this case was filed in the same district court as the one claimed to be preclusive, however, the otherwise important distinction made in *Semtek* is not pertinent to this prong of the inquiry.").

HCPC, in contrast, urges us to interpret the district court's silence by reference to Rule 41(a)(2), which allows for voluntary dismissals of actions with judicial consent, and provides that "[u]nless otherwise specified in the order [of dismissal], a dismissal under this paragraph is without prejudice."

Because we are reviewing the *preclusive* effect of the district court's decision in *HCPC I*, we must make our own determination of the basis for the dismissal, using the available record from *HCPC I*. On our independent review of *HCPC I*, we find neither party's argument concerning the impact of Rule 41 on the judgment entered in *HCPC I* convincing. Instead, the district court's treatment in *HCPC I* of the Wilderness Act claim is best construed as approval of an oral amendment of the complaint to excise that claim. So construed, the action at the time of dismissal contained no Wilderness Act cause of action, and there was therefore no final judgment on the merits with regard to that claim.

1

As its title, "Dismissal of Actions," suggests, Rule 41, or at least Rule 41(a), governs dismissals of *entire actions*, not of individual claims. Most contemporary courts, including our own, have declined to read the rule literally as permitting the dismissal only of an *entire* action against *all* defendants. *See, e.g.*, *Pedrina v. Chun*, 987 F.2d 608, 609 & n.1 (9th Cir. 1993). These same cases, however, have only extended the rule to allow the dismissal of *all* claims against *one* defendant, so that a defendant may be dismissed from the entire action. Nothing in the case law suggests that Rule 41(a) extends to the voluntary withdrawal of individual claims against a defendant remaining in the case.

**[3]** In the specific context of Rule 41(a)(1), we have held that the Rule does not allow for piecemeal dismissals. Instead, withdrawals of individual claims against a given defendant are governed by Fed. R. Civ. P. 15, which addresses amend-

ments to pleadings. *See Ethridge v. Harbor House Restaurant*, 861 F.2d 1389 (9th Cir. 1988). As we noted in *Ethridge*, "a plaintiff may not use Rule 41(a)(1)(i) to dismiss, unilaterally, a single claim from a multi-claim complaint." *Id.* at 1392. Instead, we agreed with two of our sister circuits[4] that "Federal Rule of Civil Procedure 15(a) is the appropriate mechanism '[w]here a plaintiff desires to eliminate an issue, or one or more but less than all of several claims, but without dismissing as to any of the defendants.' " *Id.* (quoting 5 J. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 41.06-1, at 41-83 to -84 (1987)) (alteration in original); *see also Gen. Signal Corp. v. MCI Telecomms. Corp.*, 66 F.3d 1500, 1513 (9th Cir. 1995) ("[W]e have held that Rule 15, not Rule 41, governs the situation when a party dismisses some, but not all, of its claims." (citing *Ethridge*, 861 F.2d at 1392)); *Gronholz v. Sears, Roebuck & Co.*, 836 F.2d 515, 518 (Fed. Cir. 1987).[5]

**[4]** In the seventeen years since *Ethridge*, we have not had an opportunity to consider whether the same logic extends to the other method of voluntary dismissal under Rule 41 — voluntary dismissal with judicial consent, under Rule 41(a)(2).[6]

---

[4]The cases upon which we relied in *Ethridge* were *Management Investors v. United Mine Workers of America*, 610 F.2d 384, 394 & n.22 (6th Cir. 1979); and *Exxon Corp. v. Maryland Casualty Co.*, 599 F.2d 659, 662 (5th Cir. 1979). *See Ethridge*, 861 F.2d at 1392. Later cases from other circuits have adopted the same rule. *See, e.g.*, *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004).

[5]As the Federal Circuit explained in *Gronholz*, this distinction can have jurisdictional consequences in some cases, where the only claim that creates federal jurisdiction (or, in *Gronholz*, Federal Circuit jurisdiction), is voluntarily dismissed. Construed instead as an amendment of the complaint to drop the claim, such an action can, in those cases, destroy jurisdiction. *See* 836 F.2d at 518-19. There is no question, however, that the same was not true in *HCPC I*.

[6]Five years before *Ethridge*, we hinted that it does, without so holding, in *Mechmetals Corp. v. Telex Computer Products, Inc.*, 709 F.2d 1287 (9th Cir. 1983). There, in suggesting that the same prejudice inquiry applies to dismissals under Rule 41 and amendments of complaints under Rule 15, we cited an Eighth Circuit case for the proposition that "it is immaterial whether [a] court acts pursuant to Rule 15(a) or Rule 41(a)(2))." *Id.* at 1294 (citing *Wilson v. Crouse-Hinds Co.*, 556 F.2d 870, 873 (8th Cir. 1977)).

Other courts to consider this issue, however, have not suggested any meaningful distinction between Rules 41(a)(1) and 41(a)(2) in this context. *See, e.g.*, *Klay*, 376 F.3d at 1106 ("Rule 41 allows a plaintiff to dismiss all of his claims against a particular defendant; its text does not permit plaintiffs to pick and choose, dismissing only particular claims within an action."); *Nilssen v. Motorola, Inc.*, 203 F.3d 782, 784 (Fed. Cir. 2000).

**[5]** We agree that there is no reason to make such a distinction here. The only functional difference between the two provisions is dictated by timing. Dismissal is available under Rule 41(a)(1) without the court's consent, so long as it is accomplished "before a responsive pleading is served or, if there is none, before the introduction of evidence at the trial or hearing." FED. R. CIV. P. 41(c). In contrast, dismissal under Rule 41(a)(2) may only be achieved through "order of the court and upon such terms and conditions as the court deems proper."

Rule 15(a), however, includes precisely the same distinction. That is to say, both timing possibilities are also accounted for in Rule 15(a), and Rule 15(a), like Rule 41(a)(2), specifies judicial approval after a responsive pleading is filed absent stipulation by the opposing party. In pertinent part, the Rule provides that:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fᴇᴅ. R. Cɪᴠ. P. 15(a).

We therefore disagree with HCPC that we should construe its withdrawal of its Wilderness Act claim in *HCPC I* as a voluntary dismissal under Rule 41(a)(2), and therefore as a dismissal without prejudice.

2

**[6]** Unlike Rule 41(a), Rule 41(b) *does* distinguish between "actions" and "claims."[7] Therefore, the Forest Service appears to be on firmer footing in arguing that we *may* separately construe a dismissal of an individual claim as an involuntary dismissal under Rule 41(b). It is also true that, whereas the plain language of Rule 41(b) suggests that such dismissals may only result from a defendant's motion, and there was not such a motion in *HCPC I*, the consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances. *See, e.g.*, *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("[T]he Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962))); *O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 952 (7th Cir. 2000).

**[7]** Nevertheless, we believe that the Forest Service's argument is premised on a fundamental misunderstanding of *HCPC I* — that the district court necessarily "dismissed"

---

[7]As other courts have noted, the distinction in Rule 41(b) between actions and claims lends further support for the proposition that Rule 41(a) does *not* encompass the dismissal of individual claims. *See, e.g.*, *Gronholz*, 836 F.2d at 518 (" 'The reference to an "action" in Rule 41(a) contrasts with Rule 41(b) . . . . The language of Rule 41(b) is broader and more comprehensive than the parallel language in Rule 41(a).' " (quoting *Smith, Kline & French Labs. v. A.H. Robins Co.*, 61 F.R.D. 24, 28 (E.D. Pa. 1973))).

HCPC's Wilderness Act claim when it entered its final judgment. Instead, as the above analysis suggests, what the district court should have done, and what we believe it did do, was treat HCPC's oral withdrawal of its Wilderness Act claim as a motion to amend its complaint under Rule 15(a).

True, the district court did not explicitly state that it was permitting a Rule 15(a) amendment. We agree with the Federal Circuit, however, that "[t]he true state of affairs is more critical than mere labels. The fact that a voluntary dismissal of a claim under Rule 41(a) is properly labeled an amendment under Rule 15 is a technical, not a substantive, distinction." *Nilssen*, 203 F.3d at 784 (footnote omitted); *see also Johnson v. Cartwright*, 355 F.2d 32, 39 (8th Cir. 1966) ("[I]t may not be material whether the court acts under Rule 15(a) which relates to amendments, . . . or Rule 41(a)(2).").

As we view *HCPC I*'s ruling denying the cross-motions for summary judgment because they were "moot," the district court concluded that HCPC's Wilderness Act claim was *no longer before it*, because the pleadings had been amended to eliminate it. *HCPC I* could not have meant to use the term "moot" in its Article III jurisdictional sense — otherwise, it would have had to dismiss the *claim* as moot, rather than deny the *motions* as such.[8] *See, e.g.*, *Envtl. Prot. Info. Ctr., Inc. v. Pac. Lumber Co.*, 257 F.3d 1071, 1076-77 (9th Cir. 2001) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)). Consequently, the only plausible reading of *HCPC I* is that the court in that case used the term "moot" to mean that it had no reason to inquire whether there remained a live dispute concerning the location of the Trail. This result could only have followed if the district court understood that

---

[8]This point explains why HCPC is incorrect that, even if Rule 41(b) *does* govern the dismissal of its Wilderness Act claim in *HCPC I*, the dismissal was for a "lack of jurisdiction," and was therefore not an "adjudication upon the merits." The claim was not dismissed as moot; the cross-motions were denied as moot. *See HCPC I*, 883 F. Supp. at 539.

the claim had already been withdrawn. *See Klay*, 376 F.3d at 1106 (recognizing that a district court's statement that there is no longer a "controversy" regarding a claim that was purportedly dismissed can be construed as permission to amend the complaint to eliminate that claim).

**[8]** In other words, because it is clear from the record that HCPC's Wilderness Act claim was already withdrawn before the district court entered judgment, the fact that the court did not explicitly state that he was permitting an amendment of the pleadings under Rule 15 is "a technical, not a substantive, distinction." We therefore construe HCPC's oral — and, we emphasize, *unopposed* — withdrawal of its Wilderness Act claim as an amendment of its complaint, pursuant to Rule 15(a). The district court's recognition of the withdrawal in its opinion is, in our view, indicative of its implicit consent to the "amendment." *Cf. Am. States Ins. Co. v. Dastar Corp.*, 318 F.3d 881, 888 & n.8 (9th Cir. 2003) (construing a consensual dismissal of individual claims as a Rule 15(a) amendment). It is axiomatic that prejudice does not attach to a claim that is properly dropped from a complaint under Rule 15(a) prior to final judgment. Consequently, there could not have been a "final judgment on the merits" with regard to HCPC's Wilderness Act claim in *HCPC I*.

### B

**[9]** In light of the foregoing analysis, the only claim that reached a final judgment on the merits in *HCPC I* was HCPC's cause of action under NEPA. We therefore turn to whether there is an "identity of claims" between HCPC's NEPA claim in that litigation and its various claims here.

Whether there is an identity of claims turns on:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially

the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. The last of these criteria is the most important.

*Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982) (citation and internal quotation marks omitted).

HCPC's claims here arise out of a different "transactional nucleus of facts" than its NEPA claim in *HCPC I*. In *HCPC I*, HCPC's sole contention was that the Forest Service violated NEPA by relocating the 1.5-mile stretch of the Lord Flat Trail without filing an environmental impact statement. At its broadest, then, the transactional nucleus of facts relevant to HCPC's NEPA claim was that the Forest Service had (a) decided to relocate that stretch of the trail, and (b) had done so without filing an EIS. By contrast, HCPC's Wilderness Act claim here arises out of its assertion that parts of the trail remain inside the Wilderness *after* the relocation; its HCNRA Act claim arises out of the Service's failure to display the "May 1978" map as required by the statute; and its related APA claims arise out of the same facts.

**[10]** Consequently, the district court's final judgment on the merits with regard to HCPC's NEPA claim in *HCPC I* does not bar HCPC's claims on the merits here. Because there was also no final judgment on the merits with regard to HCPC's Wilderness Act claim, the district court in this case erred in dismissing HCPC's claims on the basis of res judicata.

## III

Although we may affirm the district court on any ground supported by the record, *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004), this appeal comes to us on a motion to

dismiss, and the record is therefore largely undeveloped. For example, the government's central alternative argument for affirming the district court is that HCPC's claims are time-barred by 28 U.S.C. § 2401(a). The question of when a claim accrues is a fact-intensive inquiry, and we have held that a district court's factual finding concerning when a claim accrues is entitled to deferential review. *See, e.g.*, *Erlin v. United States*, 364 F.3d 1127, 1130 (9th Cir. 2004). The necessary implication of such a holding is that, unless remand is futile, *see, e.g.*, *Moore v. United Kingdom*, 384 F.3d 1079, 1088 (9th Cir. 2004), the district court should have the first opportunity, on a more complete record, to make such a determination.[9]

We therefore REVERSE the district court's dismissal of this action on res judicata grounds, and REMAND for further proceedings consistent with this opinion.

**REVERSED and REMANDED**.

---

[9]The same logic applies *a fortiori* to the Forest Service's argument that HCPC lacks standing to pursue its claim under the HCNRA Act. The Forest Service's position — that HCPC suffered no injury because the "May 1978" map was provided to them in the course of a FOIA request — necessarily relies on factual evidence that the district court could not have considered on a motion to dismiss. *See* FED. R. CIV. P. 12(b)(6); *Jackson v. S. Cal. Gas Co.*, 881 F.2d 638, 643 n.4 (9th Cir. 1989).