Jarek MOLSKI, an individual; Disability Rights, Enforcement, Education Services: Helping You Help Others, a California public benefit corporation, Plaintiffs—Appellants,

v.

FOSTER FREEZE PASO ROBLES; James R. Tucker, an individual; Angela V. Tucker, an individual; Pose, Inc., a California corporation d/b/a Foster Freeze Paso Robles, Defendants—Appellees.

No. 07–56071.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 7, 2008.

Filed Feb. 20, 2008.

Jennifer L. Steneberg, Esq., Law Offices of Thomas E. Frankovich, San Francisco, CA, for Plaintiffs–Appellants.

Dale I. Gustin, Esq., Eschwig & Gustin, Paso Robles, CA, for Defendants–Appellees.

* The Honorable Claudia Wilken, United States, District Judge for the Northern District of California, sitting by designation.

Before: GRABER and BERZON, Circuit Judges, and WILKEN *, District Judge.

## MEMORANDUM **

Jarek Molski and Disability Rights, Enforcement, Education Services: Helping You Help Others (collectively referred to as "Molski") appeal the district court's denial of state and federal attorneys' fees and its refusal to sanction Foster Freeze or its counsel. "We review for abuse of discretion the district court's decision to deny a motion for attorneys' fees." *Skaff v. Meridien N. Am. Beverly Hills, LLC,* 506 F.3d 832, 837 (9th Cir.2007). Legal determinations underlying such decisions are reviewed de novo. *Id.* A district court's decision not to grant sanctions is reviewed for abuse of discretion. *Edgerly v. City & County of S.F.,* 495 F.3d 645, 661 (9th Cir.2007). We affirm in part, vacate in part, and remand.

The district court granted summary judgment for Foster Freeze on mootness grounds with regard to Molski's Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.,* cause of action. There is thus no "judicially sanctioned change in the legal relationship of the parties" in Molski's favor on the ADA cause of action. *Buckhannon Board & Care Home, Inc. v. W. Va. Dep't of Health & Human Resources,* 532 U.S. 598, 605, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). The catalyst theory of ADA fees, under which Molski nonetheless seeks to recover, is foreclosed by *Buckhannon. Id.* We

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

therefore affirm the district court's denial of attorneys' fees under federal law.

■ As to Molski's request for sanctions, while the dilatory conduct of Foster Freeze's counsel was wasteful of the time and resources of both the court and Molski, we cannot say that the district court abused its discretion by refusing to impose sanctions. We affirm on that point as well.

■ The district court's ruling on the fee request for the state law causes of action was, however, not entirely clear. It declined to retain supplemental jurisdiction over those causes of action and stated that, for that reason, it could not grant fees for them. Had the district court meant that it lacked jurisdiction to award fees, it would have been wrong. Because it had jurisdiction over those causes of action at the outset of the case, it had jurisdiction to rule on them and to award fees. *See Skaff,* 506 F.3d at 837. If, on the other hand, the district court meant that because it had not determined Molski to be a prevailing party under state law it could not award fees, it was correct. We read the district court's order as stating the latter and conclude that the court did not abuse its discretion by declining to award fees on causes of action whose merits it had not reviewed.

■ Ordinarily, Molski would now be able to file in state court the causes of action over which the district court declined to assert jurisdiction and, if appropriate under state law, collect fees. *See, e.g., Doran v. N. State Grocery,* 137 Cal. App.4th 484, 39 Cal.Rptr.3d 922 (2006) (after a federal court declines supplemental jurisdiction, attorneys' fees for the entire action, including the federal phase, are ordinarily available under antidiscrimination statute if a party prevailed under that statute); *see also Graham v. DaimlerChrysler Corp.,* 34 Cal.4th 553, 21 Cal. Rptr.3d 331, 101 P.3d 140 (2004) (articulating prevailing party catalyst theory under California law).

But here, an error in the district court's judgment prevents Molski from taking that course. Despite making clear in its orders that it had simply declined jurisdiction over the state law causes of action, the district court nonetheless dismissed them with prejudice. "Final judgment on the merits is synonymous with dismissal with prejudice." *Hells Canyon Pres. Council v. United States Forest Serv.,* 403 F.3d 683, 686 (9th Cir.2005) (internal quotations and alterations omitted). As a result, the district court, apparently inadvertently, barred Molski from pursuing his state law causes of action, and concomitant attorneys' fees, in the California courts. This result was a legal error.

We therefore vacate the judgment with regard to the state law causes of action, *see Carter v. Stanton,* 405 U.S. 669, 671–72, 92 S.Ct. 1232, 31 L.Ed.2d 569 (1972) (vacating a legally erroneous dismissal), and remand. We direct the district court to enter a new judgment dismissing the state law causes of action without prejudice. Molski will then be able to refile those causes of action in state court provided that he meets any relevant statutes of limitations. *See* 28 U.S.C. § 1367(d).

**AFFIRMED in part, VACATED in part, and REMANDED.**

The parties shall bear their own costs.