CLEVENGER, Circuit Judge,
dissenting in part.
Medlmmune, Inc. (“Medlmmune”) paid, and continues to pay, royalties under a 1997 licensing agreement with Genentech, Inc. (“Genentech”), which entitles Medlm-mune to produce and sell its humanized *970 monoclonal antibody, Synagis®, free from liability under U.S. Patent No. 6,331,415 (“Cabilly II” or “the ’415 patent”). Because Medlmmune’s good standing under the agreement necessarily quells any reasonable apprehension of an infringement suit brought by Genentech pursuant to the ’415 patent, I agree with the court that the declaratory judgment claims properly were dismissed for want of jurisdiction. Indeed, the district court’s dismissal is required by our prior decisions in Gen-Probe, Inc. v. Vysis, Inc., 359 F.3d 1376 (Fed.Cir.2004) and MedImmune, Inc. v. Centocor, Inc., 409 F.3d 1376 ,(Fed.Cir.2005). I write separately, however, to voice my disagreement with the court’s refusal to transfer the remainder of the case to the Court of Appeals for the Ninth Circuit, pursuant to 28 U.S.C. § 1631, for a determination as to whether the district court properly granted summary judgment regarding Medlmmune’s antitrust and unfair competition claims.
Under 28 U.S.C. § 1295(a)(1), this court has exclusive jurisdiction over an appeal from a final decision of a district court, so long as the district court’s jurisdiction was based in whole or in part upon 28 U.S.C. § 1338. See Apotex, Inc. v. Thompson, 347 F.3d 1335, 1342 (Fed.Cir.2003) (stating that if the district court had jurisdiction over at least one claim in the case under section 1338, then this court has appellate jurisdiction over the entire case). Section 1338(a) in turn provides that a district court shall have original jurisdiction oyer any civil action arising under an Act of Congress relating to patents. The “well-pleaded complaint” rule defines what “arising under” means. See Holmes Group v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 833-34, 122 S.Ct. 1889, 153 L.Ed.2d 13 (2002). “Under the well-pleaded complaint rule, as appropriately adapted to § 1338(a), whether a claim ‘arises under’ patent law must be determined from what necessarily appears in the plaintiff’s statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose.” Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 809, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) (internal quotation marks omitted). The focus of our jurisdictional inquiry should thus be upon Medlmmune’s complaint and whether, as ultimately amended, it arises under an Act of Congress relating to patents. See Chamberlain Group v. Skylink Tech., Inc., 381 F.3d 1178, 1189 (Fed.Cir.2004). As ultimately amended, I would hold that it does not.
Our precedent mandates this conclusion. First, we have stated that a dismissal for lack of subject matter jurisdiction is usually one without prejudice because the dismissing court has no power to render a judgment on the merits of the dismissed claim. Textile Prods., Inc. v. Mead Corp., 134 F.3d 1481, 1486 (Fed.Cir.1998). Such is the case here, and nothing about the district court’s dismissal bars Medlmmune from refiling its complaint. See Semtek Int’l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 505-06, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001) (“The primary meaning of ‘dismissal without prejudice,’ we think, is dismissal without barring the defendant from returning later, to the same court, with the same underlying claim.”). Second, we have held, in a decision that binds this panel, that dismissals without prejudice are “de facto amendments,” or “constructive amendments,” to the complaint. See Nilssen v. Motorola, Inc., 203 F.3d 782, 784-85 (Fed.Cir.2000) (noting that regardless of whether the patent claims were dismissed without prejudice or extinguished by amendment, the effect is the same because in either case the parties are left in the same legal position with respect *971 to the patent claims as if they had never been filed); Gronholz v. Sears, Roebuck & Co., 836 F.2d 515, 516, 518 (Fed.Cir.1987) (holding that plaintiffs voluntary dismissal of the patent claim without prejudice constituted an amendment to the complaint and that the suit no longer arose under the patent laws for jurisdictional purposes). Third, for jurisdictional determinations, we do not differentiate between actual and constructive amendments—-“both divest us of jurisdiction if they eliminate all issues of patent law.” Chamberlain Group, 381 F.3d at 1189.
Therefore, because the district court’s dismissal of Medlmmune’s declaratory judgment claims without prejudice is equivalent for jurisdictional purposes to an amendment removing the declaratory judgment claims from the complaint, and because no other claims in Medlmmune’s complaint “arise under” patent law, the district court’s dismissal eliminates all issues of patent law from Medlmmune’s well-pleaded complaint and thus divests this court of jurisdiction over the case. Where a plaintiff lacks standing to pursue a patent law claim, as in this ease, we have no jurisdiction over the remaining claims and must transfer the case to an appropriate court of appeals. See Fieldturf v. Southivest Recreational Indus., 357 F.3d 1266, 1267 (Fed.Cir.2004). Indeed, Med-Immune itself understands that a transfer is required if we affirm the absence of jurisdiction over the declaratory judgment claims. (Appellant’s Reply Br. at 12 n. 8.)
Finding no jurisdiction, I would transfer the case to the Court of Appeals for the Ninth Circuit, pursuant to 28 U.S.C. § 1631, for a determination as to whether the district court properly granted summary judgment regarding Medlmmune’s antitrust and unfair competition claims. See Christianson, 486 U.S. at 818-19, 108 S.Ct. 2166 (noting that the Federal Circuit erred in deciding to reach the merits of plaintiffs antitrust claims after concluding that it lacked jurisdiction).
As the majority correctly notes, our jurisdiction is determined by the complaint. Where a patent law issue permeates the complaint, the “case” is ours, and all “issues,” including non-patent law issues, remain with us for decision. But when the complaint contains nary a whiff of patent law, as is the situation with the amended complaint in this case, we are powerless to adjudicate the other issues in the easel
To be sure, transfer to another circuit court involves some inconvenience to the parties and a burden on the courts. But inconvenience and burden are insufficient reasons to violate a fundamental limitation on federal courts: the power of judicial review vests only where jurisdiction lies.