**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| EMMANUEL WALKER, as Guardian of an incapacitated adult on behalf of Issac Contreras, | No. 24-1806 |
| | D.C. No. 2:22-cv-01401-DWL-ESW |
| *Plaintiff - Appellant*, | |
| v. | OPINION |
| STATE OF ARIZONA; AARON BOWEN; UNKNOWN BOWEN, husband and wife; DONALD HERRINGTON; UNKNOWN HERRINGTON, husband and wife; CARA CHRIST; UNKNOWN CHRIST, husband and wife; KATHERINE WOODS; UNKNOWN WOODS, husband and wife; UNKNOWN PARTIES, | |
| *Defendants – Appellees*. | |

Appeal from the United States District Court
for the District of Arizona
Dominic Lanza, District Judge, Presiding

Argued and Submitted March 28, 2025
Phoenix, Arizona

Filed October 22, 2025

Before: Marsha S. Berzon and Mark J. Bennett, Circuit Judges, and Joan H. Lefkow, District Judge.[*]

Opinion by Judge Bennett

**SUMMARY**[**]

**Stipulated Dismissal / Jurisdiction**

In an appeal from the district court's dismissal of a state law claim, where the parties jointly stipulated to dismiss plaintiff's federal claims after the case was removed to federal court, the panel remanded to the district court with instructions to reopen the case and remand the state law claim to the Arizona Superior Court.

Emmanuel Walker, as guardian and on behalf of Isaac Contreras, filed suit against the State of Arizona, alleging that Contreras's confinement in an isolation cell in the Arizona State Hospital violated his state and federal rights. Following removal to federal court, the State moved for judgment on the pleadings on Count 3—Walker's state law claim under Arizona Revised Statutes § 36-516, which provides a cause of action for violations of the rights of seriously mentally ill persons—and the district court

---

[*] The Honorable Joan H. Lefkow, United States District Judge for the Northern District of Illinois, sitting by designation.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

dismissed Count 3. To facilitate immediate appellate review of the district court's dismissal of Count 3, the parties jointly stipulated to dismiss Walker's remaining state and federal claims with prejudice. While the appeal was pending, the Supreme Court decided *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025), which held that if, following removal, a plaintiff amends her complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B) to eliminate all federal claims, the district court loses jurisdiction and must remand the case to state court.

The panel held that it had appellate jurisdiction but lacked Article III jurisdiction to reach the merits of Walker's appeal on Count 3.

The panel held that, pursuant to *Royal Canin*, for purposes of assessing jurisdiction, a joint stipulation of dismissal functions the same as an amendment as of right under Rule 15(a)(1)(B). Because the joint stipulation was self-executing, the district court lost jurisdiction over entry of any final judgment and was required to remand Count 3 to state court.

## COUNSEL

Matthew P. MacLeod (argued) and Lincoln Combs, O'Steen & Harrison PLC, Phoenix, Arizona; Holly R. Gieszl, The Gieszl Firm, Phoenix, Arizona; for Plaintiff-Appellee.

Eileen D. GilBride (argued), Georgia A. Staton, and Ravi V. Patel, Jones Skelton & Hochuli PLC, Phoenix, Arizona, for Defendants-Appellees.

## OPINION

BENNETT, Circuit Judge:

In 2022, Plaintiff Emmanuel Walker, as guardian and on behalf of Isaac Contreras, filed suit in Arizona state court against Defendants Aaron Bowen, Donald Herrington, Cara Christ, Katherine Woods, and the State of Arizona (collectively "the State"). Walker alleged that Contreras's confinement in an isolation cell in the Arizona State Hospital (the "Hospital"), while Contreras was criminally committed as mentally insane, violated Contreras's state and federal rights. Walker alleged five state law claims and two federal claims. Invoking federal question jurisdiction, the State removed the case to federal court.

Following removal, the State moved for judgment on the pleadings on Count 3—Walker's state law claim brought under Arizona Revised Statutes § 36-516, which provides a cause of action for violations of the rights of seriously mentally ill persons. The district court granted the State's motion for judgment on the pleadings and dismissed Count 3. However, the district court was not asked to, and did not, enter partial judgment on this claim pursuant to Federal Rule of Civil Procedure 54(b). To facilitate immediate appellate review of the district court's dismissal of Count 3, Walker and the State jointly stipulated to dismiss Walker's remaining state and federal claims with prejudice. Walker then appealed the dismissal of the state law claim.

While Walker's appeal was pending, the Supreme Court decided *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025), which held that if, following removal, a plaintiff amends her complaint pursuant to Rule 15(a)(1)(B) to eliminate all federal claims, the district court loses

jurisdiction and must remand the case to state court. *See id.* at 25–26. In the wake of *Royal Canin*, we must decide whether, for purposes of assessing jurisdiction, a joint stipulation of dismissal functions the same as an amendment as of right under Rule 15(a)(1)(B). We hold that it does. This conclusion requires us to decide what the district court should have done when it lost jurisdiction.[1] Because the joint stipulation was self-executing, the district court lost jurisdiction before entry of any final judgment. When that occurred, the district court should have remanded Count 3 to the Arizona Superior Court. We now instruct the district court to remand that claim.

## BACKGROUND

The question before us concerns the district court's jurisdiction. The underlying dispute involves confinement conditions in an Arizona state mental health facility.

In May 2015, Contreras was arrested for aggravated assault. Contreras was found not competent to stand trial and was ordered to participate in a state-run "Restoration to Competency" program. After successfully completing the program, Contreras was found competent to stand trial. He was then adjudicated "Guilty Except Insane" under Arizona Revised Statutes § 13-502.[2]

---

[1] Of course, *Royal Canin* was decided after the district court acted on the parties' stipulation. We do not suggest that the district court should have anticipated the Supreme Court's ruling.

[2] A "Guilty Except Insane" finding establishes that the defendant was guilty but "afflicted with a mental disease or defect of such severity that the person did not know the criminal act was wrong." Ariz. Rev. Stat. § 13-502(A). Arizona law provides that individuals found Guilty Except Insane shall be "placed and remain under the jurisdiction of the superior court and committed to a secure state mental health facility under the

Contreras was not sentenced to prison but was committed to the Hospital under Arizona Revised Statutes § 13-3992(A). While committed, Contreras was involved in a series of incidents including spitting in another patient's face and issuing multiple verbal and physical threats to other patients and staff. Contreras was placed in an isolation cell under the Hospital's "Administrative Separation" policy.[3]

According to the complaint, Contreras was confined to "a tiny bedroom with a concrete slab for a bed, an adjoining bathroom, and a short hallway connecting the two rooms." Contreras had only one window, which "was an internal glass pane between his bedroom and the adjacent nursing station in the interior of the hospital" and "was often covered with a tarp by [Hospital] personnel." Contreras had "minimal in-person human interaction" and for months "was forced to eat like an animal, on the floor, and with his hands." Contreras was confined to these conditions for 665 days, from July 17, 2020, until he was released from commitment

department of health services pursuant to [Arizona Revised Statutes] § 13-3992." *Id.* § 13-502(D); *see also id.* § 13-3992(A) ("A person who is found guilty except insane pursuant to § 13-502 shall be committed to a secure mental health facility for a period of treatment.").

[3] Under Arizona regulations, "administrative separation" is "the temporary isolation of a patient . . . for a situation where not isolating the patient presents a risk of serious harm to other individuals or a serious risk to the safety or security of a hospital." Ariz. Admin. Code § R9-10-235(A). Administrative separation may not be used "[i]n conjunction with a restraint" or "[a]s a method to manage behaviors." *Id.* § R9-10-235(C). The regulation also requires that policies and procedures be adopted "for determining when administrative separation will no longer be used for a patient." *Id.* § R9-10-235(C)(2)(g).

on May 12, 2022.[4] Contreras's mental health "predictably deteriorated further" due to his confinement.

In May 2022, Emmanuel Walker was appointed to serve as Contreras's guardian because Contreras "is an incapacitated adult who . . . was and is unable to manage his daily affairs." In July 2022, Walker filed a complaint on Contreras's behalf in the Arizona Superior Court. Walker alleged two federal claims [5] under 42 U.S.C. § 1983: (1) violation of Contreras's Eighth Amendment right to be free from cruel and unusual punishment and (2) violation of Contreras's Fourteenth Amendment due process right to be free from a government employee placing a person in actual, particularized danger. Walker also alleged five state law claims: (3) violations of the rights of a seriously mentally ill person under Arizona Revised Statutes § 36-516; (4) negligence; (5) intentional infliction of emotional distress; (6) violation of Arizona's Adult Protective Services

---

[4] Under Arizona law, "a person who is found guilty except insane pursuant to § 13-502 shall be committed to a secure mental health facility for a period of treatment." Ariz. Rev. Stat. § 13-3992(A). Contreras was committed to the Hospital "for restorative psychiatric treatment." Contreras's commitment expired in May 2022.

[5] Walker brought his federal claims only against Defendants Bowen, Christ, Herrington, and Woods. Bowen was the Chief Executive Officer and Superintendent of the Hospital. Herrington was the Interim Director of the Arizona Department of Health Services. Christ was the Director of the Arizona Department of Health Services before Herrington. Woods was the Chief Medical Officer of the Hospital. Walker alleged that these Defendants' use of administrative separation violated Arizona law and demonstrated deliberate indifference to Contreras's medical needs.

Act, Arizona Revised Statutes § 46-455; and (7) medical negligence.[6]

The State removed the case pursuant to 28 U.S.C. § 1441 to the United States District Court for the District of Arizona, invoking federal question jurisdiction under 28 U.S.C. § 1331.  The State's notice of removal stated that "[t]his action may be removed . . . because Plaintiff has asserted §1983 claims against Defendants . . . , asserting violations of the Eighth (Cruel and Unusual Punishment) and Fourteenth (State-Created Danger) Amendments to the United States Constitution."  Notice of Removal at 2, *Walker v. Arizona*, No. 22-cv-01401 (D. Ariz. Aug. 18, 2022), Dkt. No. 1.  The removal notice also explained that the district court had "supplemental jurisdiction of [Plaintiff's] state law claims asserted against Defendants, since they are closely related to the federal claims asserted [under] 42 U.S.C.§ 1983."  *Id.*

Following discovery, the State moved for partial judgment on the pleadings under Rule 12(c) on Count 3, Walker's state law claim alleging violations of Arizona Revised Statutes § 36-516.  The State argued that Arizona's civil commitment statutes and regulations do not apply to criminal commitments, including Contreras's commitment. Walker opposed, arguing that there is no provision expressly limiting § 36-516 to civil commitments and that the statutory and regulatory protections apply broadly to committed persons.

On February 14, 2024, the district court granted the State's motion for partial judgment on the pleadings and

---

[6] Walker asserted his claim for medical negligence only against Defendants Bowen and Woods.  All other state claims were brought against all Defendants.

dismissed Count 3.  The district court held that the chapter containing § 36-516 discusses only the procedures for civil commitment and does not "address or set forth any procedures for criminal commitment," which is instead governed by Arizona Revised Statutes § 13-502(D).  The district court concluded that criminal commitment "is governed by an entirely different statutory framework than the framework governing the civil commitment of those receiving treatment."  The district court did not enter partial judgment on Count 3 pursuant to Rule 54(b).

According to Walker, "[t]he Arizona state law claims that were dismissed were [his] strongest and most consequential causes of action."  Rather than wait and pursue his other claims, Walker's "strategy was to appeal [the district court's] decision immediately."  On February 29, 2024, in order to obtain a final decision so that Walker's "appeal rights matured," the parties jointly entered a "Stipulation to Dismiss Remaining Counts."  *Walker v. Arizona*, No. 22-cv-01401 (D. Ariz. Feb. 29, 2024), Dkt. No. 42.  The stipulation read:

> On February 14, 2024, the Honorable Dominic W. Lanza granted Defendants' Motion for Partial Judgment on the Pleadings (Doc. 28) dismissing Count Three of Plaintiff's complaint without leave to amend.
> The parties, by and through counsel undersigned, hereby stipulate to dismiss the remaining counts with prejudice, each side to bear its own fees and costs.

*Id.* at 2.  After the stipulation, Walker had no remaining federal or state law claims.

On March 1, 2024, the district court entered an order "granting the stipulation of dismissal." The district court ordered "that all claims in the above-captioned case are dismissed with prejudice," vacated all hearings and deadlines, and denied as moot all pending motions. Walker then appealed.

While Walker's case was on appeal, the Supreme Court decided *Royal Canin*, which held that "if, after removal, the plaintiff amends her complaint to delete all the federal-law claims, . . . the federal court loses its supplemental jurisdiction over the related state-law claims. The case must therefore return to state court." 604 U.S. at 25–26. *Royal Canin* undid *Sparta Surgical Corp. v. National Ass'n of Securities Dealers, Inc.*, our circuit precedent holding to the contrary—namely, that the availability of supplemental jurisdiction depended on the allegations in the complaint at the time of removal, and that subsequent amendments did not eliminate the district court's ability to exercise supplemental jurisdiction. *See* 159 F.3d 1209, 1213 (9th Cir. 1998).

Following *Royal Canin*, Walker's case presents two questions. First, does a joint stipulation by the parties to dismiss claims function the same as amendment under Rule 15(a)(1)(B)? We hold that it does because it alters the substance of the complaint. Second, did the filing of the parties' joint stipulation cause the district court to lose supplemental jurisdiction before it entered final judgment? We hold that the district court lost supplemental jurisdiction upon the filing of the joint stipulation, which was self-executing. Pursuant to the rule (later) established in *Royal Canin*, the district court was required to remand the case back to state court. *See* 28 U.S.C. § 1447(c) ("If at any time

before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## JURISDICTION

We must first address whether we have jurisdiction to hear this appeal.  After *Royal Canin* was decided, we asked the parties to submit supplemental briefing that addressed, among other issues, that question.  Dkt. No. 34.  Walker argues that we have jurisdiction under 28 U.S.C. § 1291 because this appeal arises from a final decision of the district court.  The State contends that we lack jurisdiction because the case must "aris[e] under" federal law, and Walker dismissed his federal claims.  The State offers that "[w]hile this Court has statutory authority under 28 U.S.C. § 1291 to consider appeals from final judgments, Article III's umbrella limitation [to cases "arising under" federal law] still applies."  "We review de novo jurisdictional issues, even when they are raised for the first time on appeal." *United States v. Scott*, 83 F.4th 796, 799 (9th Cir. 2023). Here, we conclude that we have appellate jurisdiction but lack jurisdiction to reach the merits of Walker's appeal on Count 3.

There is a difference between statutory grants of jurisdiction and jurisdiction under Article III.  All federal courts are limited, "by the Constitution, to only the kinds of 'Cases' and 'Controversies' listed in Article III."  *Royal Canin*, 604 U.S. at 26.  Moreover, "all lower federal courts[] [are] limited as well by statute."  *Id.*  "Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at

all in any cause." (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868))). As relevant here, Article III provides as one basis for the subject matter jurisdiction of all federal courts, including this one, "Cases . . . arising under . . . the Laws of the United States." U.S. Const. art. III, § 2. In turn, by enacting 28 U.S.C. § 1331, Congress has authorized district courts to exercise federal question jurisdiction. Congress has also authorized this court to exercise jurisdiction over "appeals from all final decisions of the district courts of the United States, . . . except where a direct review may be had in the Supreme Court." *Id.* § 1291. But "Congress may not expand the jurisdiction of the federal courts beyond the bounds established by the Constitution." *Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 491 (1983). Thus our statutory jurisdiction to hear this appeal cannot override Article III's limitations. Even so, "a federal court always has jurisdiction to determine its own jurisdiction." *Brownback v. King*, 592 U.S. 209, 218–19 (2021) (quoting *United States v. Ruiz*, 536 U.S. 662, 628 (2002)).

The finality requirement of statutory jurisdiction is met here. "Under the final judgment rule embodied in 28 U.S.C. § 1291, the courts of appeals have jurisdiction over appeals from all final decisions of the district courts of the United States," *Galaza v. Wolf*, 954 F.3d 1267, 1270 (9th Cir. 2020), "except where a direct review may be had in the Supreme Court," 28 U.S.C. § 1291. To have jurisdiction from a final decision, "[t]he United States Supreme Court has affirmed the general rule that 'the whole case and every matter in controversy in it [must be] decided in a single appeal.'" *Galaza*, 954 F.3d at 1270 (second alteration in original) (quoting *Microsoft Corp. v. Baker*, 582 U.S. 23, 36 (2017)). So, ordinarily, "[a] district court order is . . . not appealable

unless it disposes of all claims as to all parties or unless judgment is entered in compliance with Federal Rule of Civil Procedure 54(b)." *United States v. Gila Valley Irrigation Dist.*, 859 F.3d 789, 797 (9th Cir. 2017) (alteration in original) (quoting *Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC*, 548 F.3d 738, 747 (9th Cir. 2008)).

Walker invoked federal subject matter jurisdiction under 28 U.S.C. § 1331 for his federal claims and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for his state law claims. The district court granted the State's motion for partial judgment on the pleadings and dismissed Walker's state law claim under Arizona Revised Statutes § 36-516. Because Walker still had remaining claims, the district court's order was not immediately appealable. *See Galaza*, 954 F.3d at 1272 (noting that the plaintiff's pending retaliation claim would preclude a final, appealable judgment). To facilitate his appeal, Walker agreed with the State to dismiss his remaining claims with prejudice. Once Walker dismissed his remaining claims with prejudice,[7] the district court's previous dismissal of Count 3 became a final decision capable of appellate review. *See Concha v. London*, 62 F.3d 1493, 1507 (9th Cir. 1995) ("[W]e have made clear

---

[7] If Walker had dismissed his claims without prejudice, the district court's order would not be final and appealable. *See Galaza*, 954 F.3d at 1272 ("We . . . hold that when a party that has suffered an adverse partial judgment subsequently dismisses any remaining claims without prejudice, and does so without the approval and meaningful participation of the district court, this court lacks jurisdiction under 28 U.S.C. § 1291."); *Adonican v. City of Los Angeles*, 297 F.3d 1106, 1108 (9th Cir. 2002) (per curiam) (finding that the parties' agreement for the plaintiff to voluntarily dismiss her remaining claims with the option to refile them after the appeal was decided was "sufficient evidence that the parties have attempted to manufacture finality in the partial . . . judgment order," which "raise[d] concerns about piecemeal litigation").

that plaintiffs may appeal from a voluntary dismissal *with prejudice* . . . . The basic principle we follow is that the plaintiff may appeal a voluntary dismissal only when it is with prejudice to his right to commence another action for the same cause or otherwise subjects him to prejudicial terms or conditions.").

Although we ultimately conclude that the district court lost subject matter jurisdiction when the parties dismissed the remaining claims with prejudice pursuant to a joint stipulation, that holding does not alter our statutory jurisdiction to hear this appeal. *See Romoland*, 548 F.3d at 751, 756 (exercising jurisdiction under 28 U.S.C. § 1291 but finding that the district court lacked subject matter jurisdiction over the underlying claims). But because we conclude that this case no longer involves a federal question, we lack Article III jurisdiction to reach the merits of Walker's claim. Thus, our exercise of jurisdiction is limited to the "familiar law that a federal court always has jurisdiction to determine its own jurisdiction." *Ruiz*, 536 U.S. at 628. "When the lower federal court lacks jurisdiction, we have jurisdiction on appeal, not of the merits but merely for the purpose of correcting the error of the lower court in entertaining the suit." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (alterations omitted) (quoting *United States v. Corrick*, 298 U.S. 435, 440 (1936)).

## DISCUSSION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Congress has authorized the federal district courts to exercise original jurisdiction in 'all

civil actions arising under the Constitution, laws, or treaties of the United States' . . . ." *Gunn v. Minton*, 568 U.S. 251, 257 (2013) (quoting 28 U.S.C. § 1331). Congress has also permitted defendants to remove a case to federal court when a complaint that asserts federal claims is filed in state court. *See* 28 U.S.C. § 1441(a); *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998).

When a case is removed, the federal district court has the power to exercise supplemental jurisdiction over state law claims that arise from the same operative facts as the federal claim. *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164–65 (1997). But the exercise of supplemental jurisdiction always depends on the existence of a federal jurisdictional anchor. *See Royal Canin*, 604 U.S. at 32–33 ("[W]hen the plaintiff in an original case amends her complaint to withdraw the federal claims, leaving only state claims behind, she divests the federal court of adjudicatory power."). In a removed case, if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Prior to the Supreme Court's decision in *Royal Canin*— at the time the parties stipulated to dismissing Walker's federal claims—our precedent instructed district courts to look for the presence of federal question jurisdiction in the complaint *at the time of removal*, regardless of subsequent amendments to that complaint. *See Sparta Surgical Corp.*, 159 F.3d at 1213. Under this precedent, if a plaintiff amended the complaint to eliminate all federal claims after removal, the federal court could still retain jurisdiction. *Id.* It was "of no moment to us" whether any federal claims remained in the amended complaint because "jurisdiction must be analyzed on the basis of the pleadings filed at the

time of removal without reference to subsequent amendments." *Id.* Under this rule, a plaintiff could "not compel remand by amending a complaint to eliminate the federal question upon which removal was based." *Id.*

At the time of removal, Walker's complaint contained federal claims. Thus, our then-controlling precedent instructed that the district court had jurisdiction and could retain supplemental jurisdiction over Walker's state law claims even after the stipulation was entered. *See id.*

But *Royal Canin* abrogated our precedent. In that case, the Supreme Court answered the question "if, after removal, the plaintiff amends her complaint to delete all the federal-law claims, leaving nothing but state-law claims[,] . . . [m]ay the federal court still adjudicate the now purely state-law suit?" *Royal Canin*, 604 U.S. at 25. The Court held that "it may not" because "the federal court loses its supplemental jurisdiction over the related state-law claims." *Id.* at 25–26. That is because "[t]he appropriateness of federal jurisdiction—or the lack thereof—does not depend on whether the plaintiff first filed suit in federal or state court. Rather, it depends, in either event, on the substance of the suit . . . ." *Id.* at 38–39. When a complaint is amended and "any federal anchor gone," the federal court "must remand the case to the state court where it started." *Id.* at 39.

"[A] federal court's jurisdiction," the Supreme Court emphasized, "depends on what the *new* complaint says." *Id.* at 30 (emphasis added). "[T]he presence of jurisdiction, in removed as in original cases, hinges on the amended, now operative pleading. By adding or subtracting claims or parties, and thus reframing the suit, that pleading can alter a federal court's authority." *Id.* at 39.

The Supreme Court instructed courts to look to the amended complaint because "the new pleading 'supersedes' the old one" and the "original pleading no longer performs any function in the case." *Id.* at 35 (quoting 6 C. Wright, A. Miller, & M. Kane, *Federal Practice & Procedure* § 1476, at 636–37 (3d ed. 2010)). "So unless the withdrawn allegations were 'replaced by others' giving the court adjudicatory power, the plaintiff's amendment 'will defeat jurisdiction.'" *Id.* at 36 (quoting *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473 (2007)).

The Supreme Court also emphasized that "[t]he plaintiff is 'the master of the complaint,' and therefore controls much about her suit." *Id.* at 35 (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398–99 (1987)). "She gets to determine which substantive claims to bring against which defendants. And in so doing, she can establish—or not—the basis for a federal court's subject-matter jurisdiction." *Id.* A plaintiff may choose to establish a federal court's subject matter jurisdiction—by "[a]dding federal claims [to] create federal jurisdiction where it once was wanting"—and may choose to destroy a federal court's subject matter jurisdiction—by "eliminating federal claims." *Id.* at 36 (citing *Rockwell*, 549 U.S. at 473–74; *ConnectU LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008)).

Unlike the plaintiff in *Royal Canin*, Walker did not amend his complaint as of right under Rule 15(a)(1)(B). Instead, Walker and the State filed a joint stipulation to dismiss Walker's federal claims. We must first assess whether a joint stipulation operates the same as a party's unilateral amendment under *Royal Canin*. We hold that it does because a joint stipulation similarly alters the substance of the plaintiff's complaint.

The plaintiff in *Royal Canin* did not want to litigate in federal court. *See* 604 U.S. at 29. To "counter[] Royal Canin's move" to federal court, "[s]he amended her complaint to delete its every mention of the [federal law claims], leaving her state claims to stand on their own." *Id.* To make these changes, the plaintiff filed an amended complaint as a matter of right under Rule 15(a)(1)(B). *See* Amended Complaint, *Wullschleger v. Royal Canin U.S.A., Inc.*, No. 19-cv-00235 (W.D. Mo. Nov. 11, 2020), Dkt. No. 43; Plaintiffs' Motion for Declination of Supplemental Jurisdiction and Remand to State Court, *Wullschleger*, No. 19-cv-00235 (W.D. Mo. Nov. 11, 2020), Dkt. No. 44; *see also* Fed. R. Civ. P. 15(a)(1)(B) ("A party may amend its pleading once as a matter of course no later than . . . 21 days after service of a responsive pleading . . . ."). By contrast, Walker filed the joint stipulation to "dismiss" his remaining claims without citing any particular Rule. Stipulation to Dismiss Remaining Counts at 2, *Walker v. Arizona*, No. 22-cv-01401 (D. Ariz. Feb. 29, 2024), Dkt. No. 42. Walker therefore did not "amend" his complaint in the same manner as the plaintiff in *Royal Canin* did. But for assessing jurisdiction under *Royal Canin*, that makes no difference.

Under Rule 41(a), "the plaintiff may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). Because this provision applies only to dismissal of an "action," we have explained that "the Rule does not allow for piecemeal dismissals. Instead, withdrawals of individual claims against a given defendant are governed by [Rule] 15, which addresses amendments to pleadings." *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 687 (9th Cir. 2005) (citing *Ethridge v. Harbor House Rest.*, 861 F.2d 1389 (9th Cir. 1988)); *see also Gen.*

*Signal Corp. v. MCI Telecomms. Corp.*, 66 F.3d 1500, 1513 (9th Cir. 1995) ("[W]e have held that Rule 15, not Rule 41, governs the situation when a party dismisses some, but not all, of its claims.").[8]  At the same time, we have taken a functional approach when analyzing the effect of a plaintiff's attempt to dismiss individual claims.   "The fact that a voluntary dismissal of a claim under Rule 41(a) is properly labeled an amendment under Rule 15 is a technical, not a substantive, distinction." *Hells Canyon*, 403 F.3d at 689 (quoting *Nilssen v. Motorola, Inc.*, 203 F.3d 782, 784 (Fed. Cir. 2000)).   As a result, we have construed the stipulated dismissal of a claim as a consensual amendment under Rule 15(a)(2), which allows a party to amend its pleadings "with the opposing party's written consent or the court's leave." *See Am. States Ins. Co. v. Dastar Corp.*, 318 F.3d 881, 888 n.8 (9th Cir. 2003); *cf. Hells Canyon*, 403 F.3d at 690 (construing a plaintiff's unopposed withdrawal of a claim at oral argument as a Rule 15(a) amendment of complaint).

Presented with the parties' joint stipulated dismissal with prejudice, we do the same here.   Although the parties' stipulation did not cite any Rule, it functionally amended Walker's complaint to remove all remaining claims and, in doing so, removed the only source of federal jurisdiction. Because "a federal court's jurisdiction depends on what the

---

[8] A recently proposed amendment to Rule 41(a) would permit a plaintiff voluntarily to dismiss one or more individual claims. *See* Judicial Conference Committee on Rules of Practice and Procedure, Preliminary Draft: Proposed Amendments to the Federal Rules of Appellate, Bankruptcy, Civil, and Criminal Procedure, and the Federal Rules of Evidence 51–54 (2025), https://www.uscourts.gov/sites/default/files/document/preliminary-draft-of-proposed-amendments-to-federal-rules_august2025.pdf.

new complaint says," it does not matter whether Walker used Rule 15(a), like the plaintiff in *Royal Canin*, to file an amended complaint or simply stipulated to dismiss all remaining claims.  *See Royal Canin*, 604 U.S. at 30.  As the State accurately observes in its supplemental brief:

> Both actions operate to eliminate the "federal ingredient of the action" forevermore.  And the elimination of the federal ingredient forevermore is what deprives this Court of adjudicatory power to consider a purely state claim.  What matters is that Plaintiff decided to permanently remove the federal claims from his suit; it should not matter what procedural device he used to accomplish this voluntary action.

Dkt. No. 38, at 4–5 (citations omitted).

Like the plaintiff in *Royal Canin*, Walker chose to eliminate his federal claims to expedite his appeal of the district court's ruling on his state law claim.  As the master of his complaint, Walker can decide what claims to present and in what forum to litigate.  *See Caterpillar*, 482 U.S. at 392 ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which . . . makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."); *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 491 (9th Cir. 1995) ("Plaintiffs in this case chose the state forum.  They dismissed their federal claims and moved for remand with all due speed after removal.  There was nothing manipulative about that straight-forward tactical decision . . . .").  Both Walker and the *Royal Canin*

plaintiff exercised their command over their complaints to alter the substance of their suits.  Accordingly, for purposes of analyzing jurisdiction under *Royal Canin*, we hold that a joint stipulation to dismiss claims functions the same as a plaintiff amending her complaint as a matter of right under Rule 15(a)(1)(B).

Ordinarily, "prejudice does not attach to a claim that is properly dropped from a complaint under Rule 15(a) prior to final judgment."  *Hells Canyon*, 403 F.3d at 690; *see also Am. States Ins. Co.*, 318 F.3d at 886 (noting that a Rule 15 amendment eliminating a claim "effectively dismisse[s] that claim without prejudice").  Here, however, we construe the parties' stipulation to dismiss the surviving claims *with* prejudice as not only functionally amending the complaint to eliminate those claims, but also as a binding agreement that Walker cannot re-introduce those claims in a subsequent amendment.[9]

Our second question is whether, once the parties agreed to a stipulation of dismissal with prejudice, the district court lost jurisdiction to enter a final judgment.  Congress has required that "[i]f at any time *before final judgment* it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c) (emphasis added).  In this case, the joint stipulation was filed February 29, 2024, and the district court entered its order dismissing all claims on March 1, 2024.

---

[9] Although we conclude above that the parties' stipulation to dismiss Walker's surviving claims led to a final decision appealable under 28 U.S.C. § 1291, we do not imply that the same conclusion will follow every similarly situated plaintiff's attempt to create finality by amending his or her complaint under Rule 15.  As explained *supra* note 7, parties cannot manufacture finality by voluntarily dismissing surviving claims *without* prejudice.

But a joint stipulation is self-executing, whether entered under Rule 41(a)(1) or Rule 15(a)(2). *See Eitel v. McCool*, 782 F.2d 1470, 1473 & n.4 (9th Cir. 1986) (noting that "no order of the court was necessary" for a stipulated dismissal under Rule 41); *Com. Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1077 (9th Cir. 1999) ("[A]ll that we and other courts have said about voluntary dismissals makes it clear that a court has no discretion to exercise once a Rule 41(a)(1) dismissal is filed."); *Am. States Ins. Co.*, 318 F.3d at 888 ("Although the district court 'approved' the stipulations to amend and dismiss [filed under Rule 15(a)(2)], such approval cannot be said to involve meaningful consideration or participation by the district court inasmuch as the parties were entitled to do so without leave of the court."). The district court thus lost jurisdiction when the stipulation was entered, which occurred after the district court granted the State's motion for judgment on the pleadings but before the entry of any judgment. When the parties filed the self-executing stipulation and the district court consequently lost jurisdiction, the district court should have remanded Count 3 to state court pursuant to 28 U.S.C. § 1447(c). *See Royal Canin*, 604 U.S. at 25–26.

Because 28 U.S.C. § 1447(c) requires remand, we reject the State's request to dismiss the entire case outright and express no view on its contention that "[t]here is nothing left of the case to remand to state court." We leave for the state court to determine what, if any, preclusive effect should be given to the district court's dismissal of Count 3 or to the joint stipulation. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 503–06 (2001) (holding that the preclusive effect of a dismissal under Rule 41 is governed by the substantive law of preclusion).

## CONCLUSION

When Walker and the State jointly stipulated to dismiss Walker's pending federal claims in this removed case, the district court lost jurisdiction.  Because the district court lost jurisdiction before the entry of any final judgment, the district court was required to remand Count 3, Walker's state law claim brought under Arizona Revised Statutes § 36-516, to state court pursuant to 28 U.S.C. § 1447(c).  Accordingly, we **REMAND** the case to the district court with instructions to reopen the case and remand Count 3 to the Arizona Superior Court.